### IN

# THE SUPREME COURT

#### OF

## THE STATE OF MISSOURI,

### MARCH TERM, 1866, AT ST. LOUIS.

———————

CYPRIAN BILLON AND WIFE, Appellants, v. WILSON L. LARI-
MORE et als., Respondents.

1. *Limitations—Disabilities.*—The disability of coverture cannot be tacked
upon that of infancy so as to make one continuing disability. Where two
or more disabilities exist together at the time the cause of action accrues,
the statute of limitations will not begin to run until the last one is removed;
but where one exists when the cause of action accrues, the statute will be-
gin to run when that expires, notwithstanding others arise in succession
afterward.
2. *Practice—Pleading.*—It is improper to state matters of equity in the body
of a count at law.

### Appeal from St. Louis Land Court.

This was an action by appellants to annul certain deeds,
and for possession of 471 arpens of land in St. Louis county,
being U. S. survey No. 141, in the name of John Graham.
Graham conveyed the land to his daughter, Margaret Gra-
ham, by deed dated March 28, 1812. Soon after said con-
veyance Margaret intermarried with Michael Connell, she

then being between 16 and 17 years of age; she died in the fall of 1813, at the age of 18 years, leaving the plaintiff, Mary Connell, her only child, then an infant of a few months old, and only issue by said marriage. Said Mary Connell (one of plaintiffs) intermarried with (plaintiff) Cyprian Billon on the 14th day of May, 1829, and they continued to be husband and wife up to the commencement of this suit.

Michael Connell (husband of Margaret Graham and father of Mary Billon, plaintiff) was alleged by plaintiffs to have died in the year 1832, intestate. Defendants offered evidence to show that he fled the State in 1812, and was never heard of afterwards.

On the 7th day of July, 1812, Michael Connell and wife made a deed to Edward Hempstead, purporting to convey said land to said Hempstead, which deed was signed by said Margaret by her mark, &c. Edward Hempstead took possession of the land, after the death of said Margaret Connell, by renting the same to some person unknown. Hempstead died in 1817. The defendants offered evidence to show a continuous possession under that claim of title down to the commencement of the suit.

The plaintiffs' petition prayed for possession of the land in right of the wife (Mary Billon), on the grounds of inheritance from her mother, Margaret Connell, she being her sole heir. The petition also set out said deed from Michael Connell and wife, and prayed the same to be decreed by the court to be inoperative, null and void; because there was no law, at the date of said deed, authorizing the husband and wife to convey the wife's real estate; and because the wife had received no consideration for the same, and that said deed had not been executed and acknowledged according to law; and because, at the time said deed was made, said Margaret Connell was an infant under 21 years of age.

Instructions asked and given on behalf of plaintiffs:

3. The jury are instructed, that if they find from the evidence that the plaintiff Mary Billon was seized of the land in question prior to 1829, and while so seized of the land, on

the 14th day of May, 1829, intermarried with the plaintiff Cyprian Billon, and continued to be the wife of said Billon from that time up to the commencement of this suit, that then any possession of the said land held adversely to said plaintiffs, which possession commenced since the said 14th day of May, 1829, is no bar to plaintiffs' right of recovery in this suit.

6. To enable the defendants, or any one of them, to avail themselves of the statute of limitations, as set up by each defendant in his separate answer to plaintiffs' petition, it must appear by proof to the jury that the possession of the portion of the land in question, which is admitted by such defendant to be in his possession, must have commenced before the 14th day of May, 1829, and must have been held adversely to all other persons, from that time up to the commencement of this suit, by actual entry upon said portion of the land in question, admitted to be in possession of such defendant by such defendant, or those under whom he claims; if the jury, therefore, find from the evidence that either of such defendants had not such actual possession, commenced before the 14th May, 1829, and continued from that time to the commencement of this suit, the jury ought to find for the plaintiffs, on the defence raised by such defendant, on the statute of limitation, for that portion of the land admitted by such defendant to be in his possession; provided that the said jury also find that the said plaintiffs were intermarried together on the 14th May, 1829, and have continued to be husband and wife from that time to the commencement of this suit.

9. If the jury find from the evidence that Margaret Graham intermarried with Michael Connell in the year 1812, and at the time of said marriage was a minor, and also that she was seized of the land in question at the time of her said marriage, and that she died in 1813, still a minor, and wife of said Connell up to the time of her decease, and that she left the plaintiff Mary Billon, then an infant, her only child and lawful issue of said marriage,—then, at the time of the death of said Margaret, the title to the land in question became vested in said daughter Mary.

The court instructed the jury, on the part of the defendants, as follows:

1. If the jury find from the evidence that the defendants, and those under whom they claim title, by deed, decree, or will, have had and held possession, open and notorious, of the whole of said farm, claiming for himself, or themselves, or for other persons claiming under the same Hempstead title, by occupying the house thereon, or cultivating fields thereon, during the whole period from the 1st day of May, 1829, until the commencement of this suit in 1860, then the jury should find for the defendants.

2. If the jury find from the evidence that the defendants, and those under whom they claim title, by deed, or decree, or will, have had and held possession, open and notorious, of the whole of said farm, or of a part of said farm, claiming the whole for himself, or themselves, or for other persons claiming under the same Hempstead title, by occupying the house or houses thereon, or cultivating fields thereon, during the whole period from the year 1812 until the commencement of this suit in 1860, then the jury should find for the defendants.

3. If the jury find from the evidence that the person, under whom the defendants claim the possession in question, entered into the possession of said premises, claiming to own the same, prior to the marriage of said Mary to Cyprian Billon, and that at the time of said marriage she was within the age of 21 years, then the statute of limitation commenced to run against the said plaintiffs as soon as the said Mary arrived of age; and if the defendants, and those under whom they claim title, have had and held open, notorious, continued and adverse possession of the said premises for twenty years after the said Mary arrived of age, and before the commencement of this suit, then the plaintiffs cannot recover, and the jury will find their verdict for the defendants.

The court refused to give the following instructions asked by the plaintiffs:

1. If the jury find from the evidence that John Graham

was seized of the land in question in the year 1812, and that on the 28th day of March, 1812, when so seized, conveyed said land to his daughter Margaret, and that said Margaret was a minor, and while such minor, in the year 1812, intermarried with Michael Connell, and by which marriage she had issue born, a daughter, who was named Mary, and who was her only child, and that said Margaret died in 1813, intestate, and without having made any legal conveyance of said land, and that at the time of her death she was a minor under the age of 21 years,—that then, at the time of the death of said Margaret, the title to the said land became vested in her said daughter Mary Connell, except such interest as might have been passed to said Michael Connell, as surviving husband, by the curtesy; and if the jury also find that the said Connell subsequently, and before the commencement of this suit, died, that then the entire interest and title to said land became vested in Mary Connell; and if the jury also find that said Mary Connell, while she was a minor, and at or about the age of 17 years, intermarried with plaintiff Cyprian Billon in 1829, and that they are the plaintiffs in this suit, and that said Mary has been the wife of said Billon from said marriage up to the commencement of this suit, that then the jury ought to find for the plaintiffs.

2. If the jury find from the evidence that Margaret Graham was seized of the land in question, and was a minor when she intermarried with Michael Connell, and that she died before she arrived at the age of 21 years, and she left at the time of her death the plaintiff Mary Billon, her only daughter and heir, who was then an infant, and that the said Mary intermarried with the plaintiff Cyprian Billon when she was a minor, and continued to be a married woman and the wife of said Billon up to the time of the commencement of this suit, that then the defence as set up by the defendants under the statute of limitation is no bar to plaintiffs' right of recovery.

4. If the jury find from the evidence that Edward Hempstead died in 1817, or about that time, and partition was

made in 1827 of all the interest and claim of Edward Hempstead to the land in question between the heirs and devisees of said Hempstead ; and by said partition the north half of said tract was set apart and conveyed to Joseph Hempstead, Stephen Hempstead, Thomas Hempstead, and Samuel Hempstead; and that the south half was set apart to Sarah Beebe, Edward H. Beebe, and Mary H. Beebe,—that then after said partition each one of said portions of said tract so set apart became separate and distinct tracts of land, as far as the said parties to said partition and claiming under Edward Hempstead were concerned ; and that after that time the possession of either one of said halves by the parties claiming under said partition was no possession of the other half ; and that any possession or occupancy of either half of the said partition by any other person than the parties to said partition or some of them, or under them or some of them, cannot be set up by the defendants, or either of them, in support of their defence as set up under the statute of limitation, as showing a continuance of possession down from Edward Hempstead.

5. If the jury find from the evidence that partition of the land in question was made in 1827 between the heirs or devisees of Edward Hempstead, and that the north half was set apart to Joseph, Stephen, Thomas and Samuel Hempstead, and that the south half was set apart to Sarah, Edward H. and Mary H. Beebe, and at that time said land was unoccupied,—that then, unless the jury find from the evidence that the said north half of said land was occupied by, or in possession of Joseph, Stephen, Thomas and Samuel Hempstead, or some of them, or under their or some of their authority, between the date of said partition in 1827 and the 14th May, 1829, the defence as set up by the defendants, or either of them, under the statute of limitation, is no bar to plaintiffs' right of recovery for said north half; and unless the jury find from the evidence that the south half of said land was occupied by or in possession of said Sarah, Edward H. and Mary H. Beebe, or some of them, or under their or

some of their authority, between the date of said partition in 1827 and the 14th day of May, 1829, the defence as set up by the defendants, or either of them, under the statute of limitation, is no bar to plaintiffs' right of recovery of said south half; provided, in each case, that the jury also find that plaintiffs Cyprian Billon and Mary Billon were intermarried together on the 14th day of May, 1829, and continued to be husband and wife from that time up to the commencement of this suit.

7. If the jury find from the evidence that Edward Hempstead died in 1817, and that partition of the land in question was made between the heirs or devisees of said Edward Hempstead in 1827, that then the defendants, or either of them, cannot avail themselves, under their defence set up under the statute of limitation, of the possession of said tract of land, or any part of it, by persons claiming to be tenants of Edward Hempstead subsequently to that time, nor by any person not a party to said partition claiming the land as their own.

8. The jury are instructed that if they find from the evidence that Margaret Graham and Michael Connell intermarried together in the year 1812, and at the time of said marriage said Margaret was a minor and was seized of the land in question, and that said Margaret was a minor and a married woman on the 7th day of July, 1812; that then the paper purporting to be a deed from said Michael Connell and his wife (said Margaret) to Edward Hempstead, dated 7th day of July, 1812, which was read in evidence by defendants, conveyed no title to Edward Hempstead to the land in question, and it, or any other conveyance of said land by said Hempstead, conveyed no title to said land to any of defendants, or those under whom they claim, by reason of said deed from Connell and wife to said Hempstead, and all claim of title under it need not be noticed by the jury in their deliberations in making up their verdict.

10. The defence of limitation raised by the defendants Edward Walsh, John Price, and John L. Finney, each against

plaintiffs' right of recovery of the portion of the land in question, admitted by said defendants to be in his possession, is not supported by proof of occupancy or possession by other persons than the defendants, or those under whom such defendants claim, without also showing by proof on the part of such defendants that such other persons so occupying were the tenants of such defendants, or of those under whom such defendants claim; and, in the absence of such proof, the jury ought to find for the plaintiffs on the defence of limitation raised by said defendants.

*C. C. McLure*, for appellants.

I. The deed and mortgage from Michael Connell and wife to Edward Hempstead were improperly admitted in evidence to the jury on the part of defendants to show title in defendants.

1. Because plaintiffs' petition set out said deed and mortgage, and prayed them to be decreed by the court inoperative, and to be set aside, on the grounds that the property pretended to be conveyed by them was the property of the wife, given to her by her father for the special consideration of maintenance; that at the date of said deed she was a minor; that she had never received any consideration; that she had never legally executed or acknowledged them before any person authorized by law to take acknowledgments of a married woman, to convey her separate real estate.

The court erred in refusing the 8th instruction asked by plaintiffs. (Down's heirs v. Down's heirs, 2 How. 915; Smith v. Mount, 1 Mo. 671, t. p. 479; Miller v. Wells, 5 Mo. 6.)

2. Each defendant answering separately, and setting up the statute of limitation against the plaintiffs' right of recovery for that portion of the land in question claimed by him in his answer, can only apply to such portion as he claims in his answer. After partition of the land, in 1827, among those claiming as heirs or legatees of Edward Hempstead, the land became two separate tracts as far as the parties to the partition, or those claiming under them, are concerned;

and since that time, the possession of one-half is no possession of the other half by the respective parties claiming their separate portion.

On this point the court erred in refusing the 4th, 5th and 7th instructions asked by plaintiffs. (Cheney v. Ringgold, 2 Har. & I. 87; Sharp v. Brandon, 15 Wend. 597; Jackson v. Creal, 13 Johns. 116, 174; Commonw. v. Baldwin, 1 Watts, 54.)

3. The statute of limitation never commenced to run against plaintiff Mary Billon; she intermarried with plaintiff Billon on 14th May, 1820 (then a minor). Michael Connell, surviving husband of Margaret Graham, and father of Mary Billon, had a life estate in the land in question by the cur-- tesy; said Connell died in 1832; no right of action accrued to her until after the death of said Connell, because of the particular estate in him during his lifetime. (Heath v. White, 5 Conn. 228; Moore v. Jackson, 4 Wend. 58; Miller v. Shackleford, 3 Dana, 289; Clark v. Vaughan, 3 Conn. 191; Jackson v. Johnson, 5 Cow. 74; Jackson v. Mancius, 2 Wend. 357; Jackson v. Schoonmaker, 4 Johns. 390; Eaton v. Sanford, 2 Day, 523; McLane v. Moore, 6 Jones Law N. C. 520; Jernet v. Lynn, 31 Penn. 94; Shaw v. Alexander, 32 Miss. [3 George] 229.) And the deed from Connell and wife to Edward Hempstead makes no difference on this point; for if that deed conveyed Connell's life interest in the land, it still was a particular estate vested in Hempstead during the life of said Connell, and ended with his death in 1832. (Reaume v. Chambers, 22 Mo. 36.)

The instructions given by the court to the jury on behalf of defendants take this question entirely from the jury: these instructions direct the jury, that any possession which commenced prior to 1st May, 1829, is a bar to plaintiffs' right of recovery—which misled the jury. These instructions are erroneous.

4. The plaintiffs' right of recovery is not barred by limitation. In order to bring a possession within the statute of limitation, the possession must be an actual and continued

possession. The facts do not show such a continued posses-
sion as to be a bar to plaintiffs' right of recovery. (Jackson
v. Schoonmaker, 2 Johns. 230; Brandt v. Ogden, 1 Johns.
156; Jackson v. Waters, 12 Johns. 365; May v. Jones, 4
Litt. 21; Dade v. Good, 2 Overt. 394; Weatherhead v. Bled-
soe, 2 Overt. 352; Purcheser v. Springer, 4 Mass. 416; Small
v. Proctor, 15 Mass. 495; Hawks v. Senserman, 6 Serg. & R.
21; Harrison v. Cachelin, 23 Mo. 117; Chouquette v. Bara-
da, 23 Mo. 231; Menkens v. Blumenthal, 27 Mo. 198; Near-
hoff v. Addleman, 31 Penn. 279; 27 Mo. 412.)

5. No statute limiting real estate actions was ever passed
in Missouri prior to Edward Hempstead's death in 1817,
and the only law in force at the time of the commence-
ment of this suit, of limitation, is the act of 1855; conse-
quently, no limitation had commenced running in bar of
plaintiffs' right of recovery. Limitation only begins to run
after the passage of the act (unless the act itself specially
provides for its retrospection). The law does not act retro-
spectively, but only prospectively. (Holyoke v. Haskins, 5
Pick. 20; Postmaster Gen'l v. Rice, Gilp. 554; Day v. Pick-
ett, 4 Mumf. 104; Sayre v. Wisner, 8 Wend. 561; Taylor v.
Taylor, 3 A. K. Marsh. 18; Tutts v. Rice, Breese App. 30;
Griffith v. Bradshaw, 4 Wash. C. C. 171; Penns v. Ingram,
3 Wash. C. C. 90; Penrose v. Fleeson, 1 Yates, 344; Hull v.
Minor, 1 Root, 223; Clark v. Vaughan, 3 Conn. *191;* Mc-
Iver v. Reagan, Cooke, 366; Paddleford v. Dunn, 14 Mo.
517.)

6. There must not only be an actual and continued pos-
session, but some person capable of suing, before the statute
of limitation can begin to run; and if two or more disabilities
exist, they must all terminate before the act of limitation
begins to run; and it matters not whether both disabilities
commenced at the same time, so that both existed before the
limitation commenced running. (Eaton v. Sanford, 2 Day,
523; Machir v. May, 4 Bibb, 43; Sentney v. Overton, 4 Bibb,
445; Sherman v. Shelton, 10 Yerg. 383; Wilcox v. Kilcan-
non, 4 Hayw. 186; Wood v. Ricker, 1 Paige, 616; Gibson

v. Taylor, 3 McCord, 451; Garritt v. Wiggins, 1 Scam. 336; Robinson v. Roman, 2 Scam. 502; Gilliam v. Jacocks, 4 Hawks, 310; Marshall v. McQueen, 3 Litt. 468; White v. Hight, 1 Scam. 205.)

*Hill & Jewett*, for respondents.

I. The three instructions for the plaintiffs and the three instructions for the defendants put the law of the case fairly and fully to the jury, under the evidence upon the statute of limitations.

(*a.*) The plaintiffs insist that the disabilities of infancy and coverture are cumulative. The defendants say that the right of action accrued to Mary Connell Billon immediately upon the death of her mother and father. Michael Connell was never heard from after his indictment, and the presumption is that he died within seven years after 1812, or in 1819. Mary was married seventeen years after her father's disappearance, and her right of action had accrued before her marriage. Her only disability, then, was infancy, and she became of age in 1834, twenty-six years before suit.

II. The infancy of Mary cannot be united with her disability of coverture; and she had only twenty years to bring her suit after she arrived of age in 1834. (Mercer v. Selden, 1 How. U. S. 37; Ang. Lim. § 197, § 477, and cases cited in note; Dessaunier v. Murphy, 33 Mo. 184; Keeton's heirs v. Keeton's adm'r, 20 Mo. 530.)

III. The possession of the different parcels of the same land by different persons in succession, and in conformity with the title, is a continuation of the adverse possession; and the possession of one person of a part for the benefit of or under another person for another part of the same tract, is sufficient to constitute an adverse possession. (Ang. on Lim., § 477, and notes.

IV. Adverse possession alone is sufficient to give tit' ). (Biddle v. Mellon, 13 Mo.)

HOLMES, Judge, delivered the opinion of the court.

The case turns upon the statute of limitations. It was

shown that John Graham, being seized in fee of the land in controversy, which he occupied and cultivated as a farm, by his deed dated March 28, 1812, conveyed the same to his daughter Margaret, then a minor; that the daughter married Michael Connell, and died under age, in 1813, leaving an infant daughter, Mary, her sole heir-at-law; and that Mary, born in 1813, married Cyprian Billon (plaintiff), May 14, 1829, while yet a minor.

A deed of this land from Michael Connell and Margaret his wife to Edward Hempstead, under which the defendants claimed title and possession, dated July 7, 1812, was offered in evidence on the part of the defendants. Upon objections of the plaintiffs to the validity of this deed as a conveyance of title, it was excluded by the court as such, but was allowed to be read to the jury for the purpose only of showing that the possession taken by the grantee of the land described in it, was by claim and color of title. For this purpose the instrument was clearly admissible; and there was evidence tending to show that Edward Hempstead, the grantee, by himself or tenants, took possession of the land soon afterterwards, and held the same continuously until his death, in 1817. Thus stood the case before the jury, so far as this deed was concerned; and the question, whether the deed conveyed a valid title in fee, or the life estate of the husband by the curtesy, was wholly immaterial to the issue on trial. The petition stated certain facts concerning the execution and acknowledgment of this deed by the wife, looking to equitable jurisdiction, and prayed that the same might be set aside and annulled. These statements were insufficient to entitle the plaintiffs to relief under any head of equity jurisprudence.

The petition contained a cause of action in ejectment, stated with the requisite degree of clearness and certainty, though unnecessarily and improperly overloaded with details of evidence; and upon this cause of action the trial proceeded. It is improper to stuff matters of equity into the body of a count at law. The parties having in effect elected to proceed upon the cause of action in ejectment, these equita-

ble matters were very properly disregarded as surplusage. When the adverse possession began, and the cause of action accrued to the plaintiff Mary, she was still a minor unmarried. By her marriage with the plaintiff Cyprian Billon, while yet a minor, the disability of coverture may indeed be said to have been superadded to the other; but the statute, nevertheless, began to run against her when the disability of infancy expired in 1834. The plaintiffs seek to tack the disability of coverture upon that of infancy, and to avail themselves of both as one continuing disability. This cannot be done. Where two or more disabilities exist together at the time the cause of action accrues, the statute of limitations will not begin to run until the last one is removed; but where but one exists when the cause of action accrues, the statute will begin to run when that expires, notwithstanding others arise in succession afterwards. This is too well settled to admit of doubt. (Mercer v. Selden, 1 How. U. S. 37; Keeton v. Keeton, 20 Mo. 530; Dessaunier v. Murphy, 33 Mo. 184; Ang. Lim. 206–9.)

The case depended, then, wholly upon the question of adverse possession. By the laws then in force, when the statute began to run against the plaintiffs, they had twenty years in which to bring their suit. It was not brought within that time, and their right of action was wholly barred, and absolute title vested in the defendants; provided only that they, and those under whom they respectively claimed, could establish an adverse possession reaching back to a time anterior to the commencement of the disability of coverture. For this purpose they offered evidence tending to prove that they had respectively held under derivative titles by deed from Edward Hempstead, and under the adverse possession which he took in 1812, and continuously held under claim and color of title by deed from the mother of the plaintiff Mary; that the successive occupants ever afterwards had held possession of the land, or some part of it, claiming the whole, under that title, for themselves, or under those holding in privity with that title, either for them or their tenants; and that the possession

had accompanied that claim and derivation of title in one continuous and unbroken chain down to the time when the plaintiffs' right was barred, and even to the commencement of the suit. The matters of fact were to be determined by the jury, under the instructions of the court. We have examined the evidence so far as to be satisfied that there was an ample basis in the evidence for the instructions which were given for the defendants. These instructions laid down the law correctly as applicable to such a case; no error is suggested in them; and, together with those which were given for the plaintiffs, they submitted the questions of fact fairly and intelligibly to the jury.

The first and second instructions which were refused for the plaintiffs, involving the question of cumulative disabilities, were rightly refused, for reasons already stated. The propositions of the fourth, fifth, seventh and tenth, relating to adverse possession, were substantially contained, so far as material, in those which were given; and the eighth, respecting the deed of Connell and wife to Edward Hempstead, was upon a matter not in issue, and wholly immaterial.

The jury having found for the defendants, under correct instructions, and there being no error to the prejudice of the rights of the plaintiffs, the verdict will not be disturbed. Judgment affirmed; and judgment will be entered as of the day when the cause was submitted. The other judges concur.