EMMA ROBINSON v. HENRIETTA M. ALLISON et al., Appellants.

Division One, December 21, 1905.

1. **MINOR'S DEED: Voidable Only.** A deed executed by a minor is not void, but voidable only, and subject to be defeated by the minor or his heirs by timely disaffirmance.

2. ———: ———: **Disaffirmance: Death of Grantor: Limitations.** The owner of land conveyed it to defendant, and while yet a minor died in 1884, leaving as his heir his sister, who married before reaching 18 years, and died in 1893 in her 21st year, covert and intestate, leaving her daughter, the plaintiff, as her heir. *Held,* that, under sec. 4267, R. S. 1899, which required an

action by the sister to be begun "within three years after the death" of the grantor under disability, "but not after that period," the action by the sister was barred within three years after the minor grantor died, namely, in 1887, and the plaintiff's action is consequently also barred.

3. ———: ———: ———: ———: **Disability of Heir.** The fact that the sister was a minor at the time the minor grantor died, through whom she inherited, did not entitle her to sue in disaffirmance of his deed after three years after his death had expired, nor to claim the benefits of section 4265, Revised Statutes 1899, for section 4267 did not extend to her the privileges of section 4265. And hence, although the sister married while yet a minor and died under coverture, her daughter could not after the three years had expired maintain the suit.

4. **TACKING DISABILITIES.** Disabilities cannot be cumulated one upon another. A disability arising subsequently to the accrual of the cause of action cannot be tacked to an existing one, so as to postpone the operation of the Statute of Limitations. The Statute will begin to run upon the removal of the first disability, without regard to the second, whether both disabilities exist in the same person or in different persons.

Appeal from Butler Circuit Court.—*Hon. W. W. Graves,* Judge.

REVERSED AND REMANDED (*with directions*).

*T. C. Owen* and *Henry P. Lay* for appellants.

(1) The deed from the minor, Kidwell, was not void, but voidable only, and passed his title, subject only to be defeated by a timely disaffirmance by him or his heirs. Shipley v. Bunn, 125 Mo. 445. (2) The minor grantor's cause of action was to disaffirm the deed, and this cause of action accrued in 1882, when his grantee entered into the possession of the land. Had the minor grantor lived, his right of action would have been barred in 1892, or in three years after he became of age. Ogle v. Hignet, 161 Mo. 47. (3) Upon the death of the minor grantor in 1884 his cause of action descended to his half-brother and sister, and they had the same time within which to assert this right that

their brother would have had had he lived, and no more. Sec. 4267, R. S. 1899. (4) The fact that Clara West was an infant when she inherited this cause of action did not lengthen the period of limitation, since there can be no tacking of disabilities to escape the bar of the statute. Gordon v. Lewis, 88 Mo. 378; Quick v. Rufe, 164 Mo. 408; Keeton v. Keeton, 20 Mo. 530; 19 Am. and Eng. Ency. Law (2 Ed.), 225.

*V. V. Morgan* for respondent.

MARSHALL, J.—This is a proceeding under section 650, Revised Statutes 1899, to have declared the interests of the parties in and to the west half of lot three in the northwest quarter of section three, township thirty-nine, range twenty-two, in Benton county, Missouri.

The petition charges that the plaintiff is the owner thereof in fee, and that the defendants claim some title or interest adverse to her.

The answer of defendant Allison is a general denial, with a special plea of title by limitation. The answer of defendant Benton county is not set out in the abstract of the record and is alleged to be lost. But the claim of the county appears to be a school fund mortgage on the land. The case was submitted to and determined by the trial court upon the following agreed statement of facts:

"It is hereby stipulated and agreed by the parties that the above case shall be submitted to the court upon the following agreed statement of facts to-wit:

"June 12, 1882, Thomas Kidwell was the owner in fee of the land described in the petition, and a minor under the age of twenty-one years; on that day he executed a warranty deed purporting to convey said land to J. W. Hallegan for a consideration of $225, and also a bond to said Hallegan, with sureties, requiring him to ratify said deed upon reaching the age of twenty-one

years, and said deed and bond were duly recorded in
the office of the recorder of deeds of Benton county,
Missouri. Hallegan immediately took possession of
said land, and was in actual, open, notorious, con-
tinuous and adverse possession thereof until the 5th
day of July, 1901, when he conveyed to the defendant
Henrietta M. Allison, who has since been and now is
in the like possession of said land. While Hallegan was
in possession he executed a school fund mortgage to
Benton county covering that and other land, which is
recorded in book 32, page 355, of the deed records of
said county, and any part of the principal and interest
of the debt secured thereby remaining unpaid is now
a lien on said land as between the defendants.

"Thomas Kidwell died in October, 1884, and before
reaching the age of twenty-one years, leaving as his
only heirs his half-brother and sister, John West and
Clara West. Clara West a few months before reaching
the age of eighteen years, married Marion Robinson,
and died in 1893 in her twenty-first year, intestate, and
leaving surviving her the said husband, and one daugh-
ter, this plaintiff, her only child, who is still a minor.

"John West was born in 1869 and shortly prior to
the institution of this action conveyed any interest
which he might have in said land to the plaintiff."

The circuit court adjudged that the plaintiff is en-
titled to an undivided one-half of the land, and that the
defendant Allison is entitled to the other half, subject
to a school fund mortgage to the defendant Benton
county. From this decree the defendants appealed.

I.

Thomas Kidwell is the common source of title.
On the 12th of June, 1882, he conveyed the land to one
Hallegan, and being a minor at that time, executed to
Hallegan a bond, binding himself to ratify the deed up-
on attaining his majority. The record is silent as to

192 sup—24

the actual age of Kidwell at the date of the execution of that deed. In October, 1884, and before attaining his majority, Kidwell died, leaving as his heirs his half-brother and sister, John West and Clara West. While yet a minor, Clara married, and died in 1893 in her twenty-first year, intestate, and leaving  as her only heir, the plaintiff, who is still a minor. Shortly before the institution of this suit John West conveyed his interest to the plaintiff. At the date of Kidwell's death in 1884, John was a minor, aged fifteen · years, and Clara was a minor, aged ten years. The defendants and their grantors entered into possession on the 12th of June, 1882, and remained in possession until the institution of this suit, covering  a period of nineteen years. The crucial question in the case, therefore, is whether the defendants have acquired title by limitation.

A deed executed by a minor is not void but voidable only and subject to be defeated by the minor or his heirs by timely disaffirmance. [Shipley v. Bunn, 125 Mo. 445.]

Actions for the recovery of real estate must be commenced, under the statutes of this State, within ten years from the time the right of action accrues. [Sec. 4262, R. S. 1899.] The statutes, however, prescribe the rights of persons who were laboring under disabilities at the time the right of action accrued or descended.

Section 4265 is as follows:

"If any person entitled to commence any action in this article specified or to make any entry be, at the time such right or title shall first descend or accrue, either within the age of twenty-one years, or insane, or imprisoned on any criminal charge, or in execution upon some conviction of a criminal offense for any time less than life, or a married woman, the time during which such disability shall continue shall not be deemed a portion of the time in this article limited for the com-

mencement of such action or the making of such entry; but such person may bring such action or make such entry after the time so limited, and within three years after such disability is removed: *Provided,* that no such action shall be commenced, had or maintained or entry made by any person laboring under the disabilities specified in this section, after twenty-four years after the cause of action or right of entry shall have accrued.''

The true meaning of this section has been determined by this court. In Gray v. Yates, 67 Mo. l. c. 602, it was said: ''The first section of the chapter provides that all actions for the recovery of lands, or the possession · thereof, shall be brought within ten years after the right of action or of entry shall have accrued. The fourth section provides that if any person entitled to commence an action or make an entry be, at the time such right accrues, within the age of twenty-one years, or insane, or imprisoned, or a married woman, 'the time during which such disability shall continue shall not be deemed any portion of the time in this chapter limited for the commencement of such action or the making of such entry; but such person may bring such action or make  such entry *after the time so limited* and within three years after  such disability is removed: *Provided,* that no such action shall be commenced, had or maintained, or entry made, by any person laboring under the disabilities specified in this  section  after twenty-four years after the cause of action or right of entry shall have accrued.' The plaintiff contends that where a right of action accrues to an infant, and the period during which the minority thereafter continues is less than ten years, such time is not to be counted, and the plaintiff has ten years after attaining his majority in which to bring suit. The fourth section refers to the first, and must be construed in connection with it, and while the language employed is not as full and precise as it should be perhaps, we think its true mean-

ing may be fairly declared to be that when a right of action or of entry accrues to any person laboring under any of the disabilities therein enumerated, the period during which such disability continues, *though more than ten years,* shall not constitute a bar to his or her right of action or entry, but he or she may within three years after the removal of such disabililty, and within twenty-four years after such right of action or entry accrued, institute such action or make such entry. If the disability has existed for a period of time *less* than ten years, the person laboring under such disability must institute his suit within three years after the removal of the disability, unless said three years, together with the period of the disability, are less than ten years, in which event such person is entitled to the unexpired portion of the ten years; for all persons are entitled to ten years in any event. When a party has the three years given by the fourth section, and the whole period of the ten years given by the first section, the right of action or of entry is barred. In other words, when ten years have elapsed since the right of action accrued, and three of those years have been free from disability, the right of entry is barred. A like construction has been given to a similar statute in New York in the following cases: Smith v. Burtis, 9 Johns. 180; Jackson v. Johnson, 5 Cow. 93, 94; Willson v. Betts, 4 Denio 208, 209.''

The Gray case was cited, approvingly, by BRACE, J., in Wheelock v. Overshiner, 110 Mo. l. c. 113. The latter case, however, was an action for damages for breach of covenants of warranty, and therefore fell within the provisions of what are now sections 4272 and 4279, Revised Statutes 1899, which differ from sections 4265 and 4267, Revised Statutes 1899, which are the provisions of statute applicable to this case.

Gray v. Yates, supra, was expressly cited and followed by BLACK, J., in Hinters v. Hinters, 114 Mo. l. c. 30. It was also cited and followed by GANTT, J., in

Reed v. Painter, 145 Mo. 1. c. 355, and again by Gantt, J., in Ogle v. Hignet, 161 Mo. 1. c. 51.

The construction of section 4265 must therefore be regarded and treated as settled in this State, If, however, anything more was necessary to demonstrate the correctness of the construction so placed upon the statute, the last provision of that section serves to conclusively demonstrate the correctness of that construction. For that proviso clearly contemplates that the time shall not extend in any case beyond twenty-four years after the cause of action accrues. As applied to the disability of infancy that proviso points the rule, for it contemplates twenty-one years of infancy as the extreme possible extent of infancy, and three years after the disability of infancy has been removed as the extreme limit of time allowed by law for the infant to commence an action provided the ten years have expired.

The statutes of New York are very similar, in respect to disabilities extending the time for beginning an action, to section 4265, Revised Statutes 1899. Under the statutes of that State actions for the recovery of real estate must be begun within twenty years, but section 375, vol. 1, Bliss's N. Y. Anno. Code, provides that if at the time the right first descends, or the cause of action or the right of entry first accrues, the person entitled is an infant or insane, or imprisoned on a criminal charge for a term less than for life, "the time of such disability is not a part of the time, limited in this title, for commencing the action, or making the entry, or interposing the defense or counterclaim; except that the time so limited cannot be extended more than ten years after the disability ceases, or after the death of the person so disabled."

The Supreme Court of New York construed the statute quoted in Howell v. Leavitt, 95 N. Y. 617, as follows:

"The exception of the Code relates to the exten-

sion of the time limited, and puts restraint only upon that extension. It means that the disability shall not add more than ten years to the time limited after the disability has ended. Practically, in case of infancy, it makes the extreme possible limitation a period of thirty-one years. If the cause of action accrues to an infant on the day of its birth, for twenty-one years the running of the statute is suspended; then it begins to run; but the time limited—that is, twenty years considered as a period—having in fact lapsed, it is an extension of that period which is in progress, and the exception limits that added time to not more than ten years after full age; that is, until the expiration of thirty-one years. But for the exception the infant would have forty-one years. In the present case Louise Howell had twenty years from December 31, 1864, in which to sue, because giving her the full time of twenty years after that date did not extend the whole time from the accruing of the cause of action more than ten years added after she arrived at full age. Giving her until 1884 made the whole period for the entry of Roberts less than twenty-seven years, so that her infancy extended the twenty years, the time limited, only about seven years, and so did not violate the exception. What there is of difficulty in the section lies in the phrase, 'after the disability ceases.' That relates only to the extended time, and has no effect in any case to cut down or lessen the limitation of twenty years. To that the party is always entitled, and, in case of a disability, to as much more as the period of disability would add, except that such addition shall not be longer than ten years added after the disability has ended. Any unexpended part of the period or time fixed by the general law of limitation belongs to the party entitled to sue, after the disability has ended, and so much added time as will not extend the original limit beyond ten years more after the end of the disability.''

It will thus be observed that the construction placed

upon the statute of this State (section 4265) is identical with the construction placed upon New York statute, which is very similar to ours with the exception of the time allowed by the statutes of New York.

These considerations, however, are not decisive of the case at bar for two reasons: first, because the record does not disclose the age of Thomas Kidwell at the time he executed the conveyance in 1882 to Hallegan. This action was brought in 1901. Therefore, it is possible, in the absence of the showing of the age of Kidwell at the date of the execution of his deed, that if he was plaintiff in this case, his right to maintain the action might not have been barred by the statute, for twenty-four years did not elapse between the date of the execution of the deed and the institution of the suit; and second, because Kidwell is not the party plaintiff in this suit, but it is the right of the plaintiff that is involved in this case.

Section 4267, Revised Statutes 1899, is the statutory provision which determines this case. That section is as follows:

"If any person entitled to commence such action or to make such entry die during the continuance of any disability specified in section 4265, and no determination or judgment be had of the title, right or action to him accrued, his heirs, or any person claiming from, by or under him, may commence such action or make such entry after the time in this article limited for that purpose, and within three years after his death, but not after that period."

This action is sought to be maintained by the plaintiff, who is a minor, and whose right of action descended to her from her mother in 1893, while her mother was still an infant, as to one-half of the land; and whose right of action as to the other half comes to her by a purchase from her uncle, John West, by a deed executed a short time prior to the institution of this suit.

. As to the interest acquired from her uncle, John West, there is no controversy before this court, for the trial court awarded that interest to the defendants, the plaintiff acquiesced in that judgment, and therefore the ruling of the court in that behalf remains unchallenged. As to the interest acquired by the plaintiff by the descent from her mother, section 4267, and not 4265 applies, for the plaintiff claims through her mother by descent cast upon her mother by the death of her half-brother, Kidwell.

Kidwell died in October, 1884, and the plaintiff's mother died in 1893. Kidwell, therefore, was entitled up to the date of his death, which occurred during his minority, to all the benefits conferred by section 4265, but the benefits thus conferred upon Kidwell by the statute, are not, by statute, conferred upon plaintiff's mother. Plaintiff's mother was only entitled to the benefits conferred by section 4267. Under that section, Kidwell having died while under disability, and there having been no determination of his rights, his heirs (John West and Clara West) were only entitled to commence an action or make an entry within three years after his death, and not after that period. Such an action under that section could only have been instituted prior to October, 1887. The fact that at the time the right of action of John West and Clara West accrued by virtue of the death of Kidwell, they were also under twenty-one years of age, did not entitle them, or either of them, to the benefits of section 4265. For section 4267 does not extend the benefits of section 4265, which were enjoyed by Kidwell, to either the plaintiff or her mother, but expressly limits their rights to bring an action to a period not exceeding three years after Kidwell's death, and this is true even though they were laboring under disabilities.

Disabilities cannot be cumulated one upon another. [Dessaunier v. Murphy, 33 Mo. 184; Billon v. Larimore,

37 Mo. 375; Campbell v. Laclede Gas Light Co., 84 Mo. 352; Burdett v. May, 100 Mo. l. c. 19.]

In the last case cited this court said: "But, as the statute began to run in 1863 against her, no subsequent or existing disability of those who afterwards became her heirs, could stop its course. The saving clause only extends to the person on whom the right of action has descended, or to whom the cause of action has accrued."

This is the general rule of law.

In 19 Am. and Eng. Ency. of Law (2 Ed.), p. 241, it is said: "Where the right of action is derivatory and did not originate in the person under disability, as where an infant or a married woman claims through an ancestor's estate, such person's cause of action is barred when such a time has elapsed as would bar an action by an original owner of the right of action, without regard to the disability."

The same author at page 225 says: "Disabilities arising subsequently to the accrual of the cause of action, whether in the original party or in his successors, cannot affect the running of the statute unless it is expressly so provided. This rule is expressly enacted into many of the statutes, but the enactment in such case is merely declarative of the law already existing, and its absence does not affect the rule stated. As a consequence of the law just stated, cumulative disabilities are never allowed; a disability arising subsequently to the accrual of the cause of action cannot be tacked to one existing at the time, so as to postpone the operation of the statute. The statute will begin to run upon the removal of the first disability, without regard to the second, whether both disabilities exist in the same person or in different persons."

In the case at bar the right of action accrued to the plaintiff's mother upon the death of her half-brother Kidwell in 1884. She had three years, and no longer, under section 4267, in which to bring her action. The fact that she was, herself, at that time, a minor, or a

married woman, did not arrest the running of the three-year statute at all, for no such disability is specified in the statute and would not exist independent of statute. [19 Am. and Eng. Enc. of Law (2 Ed.), 212.]

The plaintiff acquired, therefore, only the right of her mother, and as her mother did not exercise her right within the statutory period of three years after the death of Kidwell, neither the plaintiff nor her mother, if alive, could maintain this action.

In Pim v. St. Louis, 122 Mo. 654, the principle here announced was established, and it was held that when the statute begins to run, the death of the party entitled to sue will not toll the statute, even though the heir or devisee be under disability at the date of the death of the ancestor.

If Kidwell had lived until after he attained his majority it would have been necessary for him to have disaffirmed his conveyance to Hallegan within a reasonable time after he had so attained his majority, and likewise to have brought his action in ejectment against him within the time specified and allowed by section 4265. Inasmuch as Kidwell died before the disability of infancy was removed, the right to disaffirm passed to John and Clara West, and they were required to disaffirm the deed within a reasonable time, and under section 4267 they were required to institute an action within three years after Kidwell's death, and not after that period. They did not do so. Their rights, therefore, became barred at the expiration of three years after the death of Kidwell. The fact that they were under disability does not, under the statute, constitute any excuse for not having so done. The plaintiff, although a minor, has no greater rights than her mother and uncle had, and as the statute bars their rights, it likewise bars the right of the plaintiff.

The defendant and his grantors have therefore a complete statutory title by limitation to the whole tract and the circuit court erred in decreeing the one-half of

the land to the plaintiff. The decree should have vested the full title in the defendant Allison, subject to the mortgage held by the defendant county.

The judgment of the circuit court is therefore reversed and the cause remanded, with directions to enter a decree vesting the full title to the premises in the defendant, subject to the said mortgage.

All concur, except *Brace P. J.,* absent.