ROSA SMELSER et al., Appellants, v. DIEDRICH MEIER et al.

Division One, June 1, 1917.

1. **LAND CONVEYED TO MARRIED WOMAN: Consideration: Presumption of Payment.** The presumption of the law is that the husband furnished the purchase money which paid for land conveyed to his wife after the marriage and before the year 1889.

2. **DEED FROM WIFE TO HUSBAND: Nominal Consideration: Inference of Fraud or Duress: No Evidence.** Where there is no evidence of actual fraud, duress or undue influence by the husband towards the wife, and none as to her mental or physical condition, the court will not, in the face of the prevailing presumption of law in favor of the husband that land conveyed to his wife prior to 1889 was paid for with his money, declare a deed from the wife to the husband, in ordinary form, executed in 1897 when the Married Woman's Act of 1889 was in force, and conveying the same land, was invalid, or draw the inference that it was obtained through fraud, duress or undue influence, on the sole ground that it recites a nominal consideration of ten dollars and is a conveyance directly from her to him.

3. ————: **Legal Estate.** Since the passage of the Married Woman's Act of 1889 a wife may convey her legal estate in land directly to her husband, and her deed made since such date and naming him as grantee vests the legal title in him.

4. ————: **Supplemented by Deed of Heirs.** If the legal title was vested in the wife and she conveyed it to her husband, a subsequent quit-claim deed from his heirs to him will not be set aside as having been obtained through false representations and threats, because they had no interest to convey.

Appeal from Jefferson Circuit Court.—*Hon. E. M. Dearing,* Judge.

AFFIRMED.

*E. J. Bean* and *Clyde Williams* for appellant.

(1) A married woman cannot convey her real estate without her husband joining in the deed, and the deed from Rosina Meier to Diedrich Meier her husband is null and void. R. S. 1909, sec. 2788; Brown v. Dressler, 125 Mo. 589; Huff v. Price, 50 Mo. 229; Wannall v. Kem, 51 Mo. 150; Shroyer v. Nickell, 55 Mo. 264; Bartlet v. O'Donoghue, 72 Mo. 563; Hord v. Taubman, 79 Mo. 101; Marshall v. Anderson, 78 Mo. 85; Shaffer v. Kugler, 107 Mo. 58; Peter v. Byrne, 175 Mo. 241; Richardson v. De-Giverville, 107 Mo. 429; DePue v. Miller, 25 L. R. A. (N. S.) 775; McReynolds v. Grubb, 150 Mo. 363; Clay v. Mayer, 183 Mo. 157; O'Reilly v. Kluender, 193 Mo. 585; Egger v. Egger, 225 Mo. 140; 21 Cyc. 1291; Bearden v. Miller, 54 Mo. App. 201. (2) The Married Woman's Law of 1889 acts prospectively and does not in any way affect this case because Diedrich Meier and Rosina Meier were married at the time it was passed and the title to the real estate, except one piece, was held by Rosina Meier at the time said law was passed. Leete v. Bank, 115 Mo. 185; Vanata v. Johnson, 170 Mo. 273; Graham v. Ketchum, 192 Mo. 29. (3) The Statute of Limitation has no application in this case. (4) A fiduciary relation existing between Diedrich Meier and Rosina Meier, being husband and wife, and he having full charge and control of her property, the burden of proof was on him to show that the transfer from her to him was the result of full and free deliberation on her part and not the result of undue influence. 21 Cyc. 1293; Lewis v. McGrath, 61 N. E. 138; Egger v. Egger, 225 Mo. 144; Byrne v. Byrne, 250 Mo. 646; Smith v. Moore, 7 L. R. A. (N. S.) 692.

*Wm. S. Campbell, Jones H. Parker* and *John Reppy* for respondents.

(1) The disability under which a married woman labored at common law has been removed by statute, and a man and his wife may contract with each other, sue and be sued by each other, and convey title to property from one to the other, the same as other parties, and Rosina Meier was legally competent to convey the realty held in her name by the deed she made direct to Diedrich Meier. Rice, Stix & Co. v. Sally, 176 Mo. 129; O'Day v. Meadows, 194 Mo. 614; Grimes v. Reynolds, 184 Mo. 692; 94 Mo. App. 576; Montgomery v. Montgomery, 142 Mo. App. 486; Glascock v. Glascock, 217 Mo. 378; Harvey v. Long, 260 Mo. 391; Rodgers v. Rodgers, 265 Mo. 207; Abbott v. Trust Co., 149 Mo. App. 514; Bower v. Daniel, 198 Mo. 320; Evans v. Morris, 234 Mo. 186. Any contract entered into by a married woman after the passage of the Act of 1889 was valid without regard to the time when the title to the real estate was taken by her or when the marriage contract was entered into. Clay v. Mayer, 183 Mo. 158; Evans v. Morris, 234 Mo. 186; Bank v. Hageluken, 165 Mo. 449. (2) A cause of action to set aside the deed of February 10, 1897, accrued to Rosina Meier, and at her death the Statute of Limitations began to run against her heirs, whether they were under legal disability or not, and their suit to set aside the said deed for fraud not having been commenced within ten years after the right of action accrued to Rosina Meier, they are barred by the statute. De Hatre v. Edmonds, 200 Mo. 270; Robinson v. Allison, 192 Mo. 372; Rutter v. Carothers, 223 Mo. 646; Reed v. Painter, 145 Mo. 341; Star v. Bartz, 219 Mo. 47; McKee v. Downing, 224 Mo. 115. Where a cause of action accrues to one who is at the time under a disability, when that disability is removed another disability cannot be tacked on to it. De Hatre v. Edmonds, 200 Mo. 271; Robinson v. Allison, 192 Mo. 376; Burdett v. May, 100 Mo. 19; Campbell v. Gas Co., 84 Mo. 376; Billon v. Larimore, 37 Mo. 387. (3) The introduction of the deed made by Rosina Meier to Diedrich Meier, showing on its face a con-

siderator, and the acknowledgment of a notary public to her signature, was not sufficient alone to cast the burden upon Diedrich Meier to disprove the allegations of plaintiff's petition. Jenkins v. Pye, 37 U. S. 253; Townson v. Moore, 173 U. S. 17; Taylor v. Taylor, 49 U. S. 183; Deroux v. Girard's Ex's, 112 Fed. 89.

RAILEY, C.—On April 9, 1913, plaintiffs, as heirs at law of Rosina Meier, deceased, brought suit in the Jefferson County Circuit Court, against defendants, Diedrich Meier et al., to set aside and cancel a deed for 514 acres of land in Jefferson County, executed by said Rosina Meier, on February 10, 1897, to her husband, Diedrich Meier; and also to set aside and cancel a deed from the heirs of said Rosina Meier to said Diedrich Meier, dated March 1, 1898, covering the same land. It is alleged in the petition that the deed from Rosina Meier to Diedrich Meier was obtained through undue influence and duress, exercised by said grantee over his said wife; that the deed from said heirs to Diedrich Meier was obtained through false and fraudulent representations and threats. The petition prays the court to set aside and cancel both of the foregoing deeds.

On June 5, 1913, defendants, Catherine Meier, Kate Wolf and George Wolf, filed a general denial. Diedrich Meier answered with a general denial, and pleaded that said real estate conveyed to his wife was paid for with his own earnings; that the title was taken in the name of his wife as a matter of convenience; that said land was not conveyed to her as an advancement, or by way of settlement, but as trustee for himself; that on February 10, 1897, she conveyed said land to him in carrying out said trust. He likewise pleads the ten-year Statute of Limitations as a bar to the present action. The reply was a general denial.

*On January 25, 1892,* Henry F. Meier and Lina Meier, for the expressed consideration of one dollar, conveyed by warranty deed to said Rosina Meier, the east half of the north half of section 17, township 42, range 4, containing 160 acres, situate in Jefferson County, Missouri. *On*

*February 3, 1879,* A. G. Medley and wife conveyed to Rosina Meier, by warranty deed, for the expressed consideration of $425, the southwest quarter of the northwest quarter of section 9, township 42, range 4 east, containing 40 acres more or less. *On March 6, 1879,* Frank Williams and wife et al. conveyed to Rosina Meier, by quit-claim deed, for the expressed consideration of $1200, the whole of their undivided interests as the heirs of Benjamin Williams, deceased, in the southeast quarter of the northwest quarter of section 9, and 40 acres off the north end of the west half of the northwest quarter of section 9, all in township 42, range 4 east. *On February 10, 1885,* James W. Fitzmorris and wife conveyed by quit-claim deed to Rosina Meier, for the expressed consideration of $363, the south part of the east half of section 8, township 42, range 4 east, more fully described in the record, and containing *174 acres* more or less. *On February 10, 1897,* Rosina Meier, conveyed to Diedrich Meier, by warranty deed, for the expressed consideration of $10, the 514 acres mentioned in the petition. The foregoing deed was filed for record, February 18, 1897. *On May 22, 1897,* Diedrich Meier, conveyed to Henry Hess, for the expressed consideration of $4600, by warranty deed, the same land described in above deed from Rosina Meier to Diedrich Meier, dated February 10, 1897. (514 acres). *On February 7, 1897,* Henry Hess, by quit-claim deed, for the expressed consideration of $4600, re-conveyed the above 514 acres of land to Diedrich Meier. This deed was filed for record, February 16, 1898. *On March 1, 1898,* Kate Wolf and husband, Frederika Dausch and husband, Dora Wolf and husband, Maggie Scott and husband, Rosey Rush and husband, Emma Loney and husband, and Mellia Meier, by quit-claim deed, for the expressed consideration of one dollar to each, conveyed 454 acres, being the same 514 acres, except the northeast quarter of the northwest quarter and the north half of the northwest quarter of the northeast quarter of section 9, township 42, range 4 east (60 acres). This deed was filed for record, July 1, 1898. *On February 19, 1913,* Diedrich Meier and Catherine Meier, his wife, conveyed to Helen Surkamp, by warran-

ty deed, for the expressed consideration of one dollar, the 514 acres above mentioned. This deed was filed for record, March 3, 1913. *On February 19, 1913,* Helen Surkamp, by quit-claim deed, for the ‘ expressed consideration of one dollar conveyed the above 514 acres *to Diedrich Meier and Catherine Meier his wife.* This deed was filed for record, March 3, 1913. *On November 27, 1886,* R. W. McMullin and wife, conveyed to Diedrich Meier the northeast quarter of the northwest quarter and the north half of the northwest quarter of the northeast quarter of section 9, township 42, range 4 east (60 acres).

Several of the plaintiffs were sworn and said they signed the deed to their father, but thought it was to Hess. They testified that their father promised to give them the same interest in the land which he was proposing to buy, as they had in the 454 acres supra; that their father gave them to understand they would be disinherited if they failed or refused to sign said deed, and threatened to club them if they refused to sign the same. Plaintiffs introduced some other testimony of the same character. The appellants who were witnesses also testified in substance that they did not know the deed which they executed conveyed said land to their father; and that they first learned the deed was to him less than seven years before the commencement of this suit.

The foregoing was substantially all the evidence in the case. The defendants introduced no testimony aside from the cross-examination of plaintiffs' witnesses.

On September 10, 1913, the trial court found the issues in favor of defendants; held that plaintiffs have no right, title or interest in the real estate in controversy, and entered judgment for defendants. Plaintiffs, in due time, filed their motion for a new trial, which was overruled and the cause duly appealed by them to this court.

Since the appeal to this court, defendant Diedrich Meier died on March 16, 1914. His death was suggested, and the action revived in the names of his heirs, to-wit: The appellants herein and respondents, Kate Wolf and George Wolf, her husband, Maggie Scott and Minnie Scott. Defendant Catherine Meier died on March 4, 1915.

Her death was suggested and the action revived in the names of her heirs, to-wit: Lisetta Davidson and Lisetta Kleisner, nieces, and John Jacobs, her nephew.

I.   The petition alleges that after the marriage of Diedrich Meier and Rosina Meier, and prior to the year 1889, said Rosina acquired title to 514 acres of land in Jefferson County, Missouri; that on February 10, 1897, said Diedrich Meier induced his wife to sign a deed, which purported to convey to him the title to said property.   The land is not described in the petition as abstracted but assuming, as alleged, that it was conveyed to her *after* the marriage and *before* the year 1889, the presumption of law obtains, in the absence of evidence to the contrary, that said Diedrich Meier furnished the purchase money which paid for said land.   [Weil v. Simmons, 66 Mo. l. c. 619-20; Sloan v. Torry, 78 Mo. l. c. 625; Crook v. Tull, 111 Mo. l. c. 290; Patton v. Bragg, 113 Mo. l. c. 600-11; Hoffman v. Nolte, 127 Mo. 120-134; Lins v. Lenhardt, 127 Mo. 289; Gruner v. Scholz, 154 Mo. l. c. 424; Halstead v. Mustion, 166 Mo. l. c. 494-5; Crump v. Walkup, 246 Mo. l. c. 280-2; Lemp Brewing Co. v. Correnti, 177 S. W. (Mo.) 612; Mc-Ferran v. Kinney, 22 Mo. App. 554; Bucks v. Moore, 36 Mo. App. l. c. 536-7; Seitz v. Mitchell, 94 U. S. 580; Gault v. Saffin, 44 Pa. St. 307; Baringer v. Stiver, 49 Pa. St. l. c. 131; Hydrick v. Burke, 30 Ark. 124; Pope v. Cantwell, 206 Fed. l. c. 916; Owens v. Daniel, 230 Fed. 101.]

*Presumption of Fraud or Duress.*

There is no testimony in the record relating to the physical or mental condition of Rosina Meier, at the time of the execution of said deed to her husband, or at any other period; there is nothing to indicate that her husband was capable of exerting any influence over her at any time.   It does not appear that the husband was insolvent, or that he was incapable of furnishing the consideration paid for the land aforesaid, nor does it appear from the record that Mrs. Meier owned any property by inheritance or otherwise, aside fr' m the land aforesaid, which she conveyed to her husband.   There is absolutely no proof in the case as to any *actual* fraud, duress, or un-

due influence, resorted to by Diedrich Meier to induce his wife to execute said deed.

With the Married Woman's Act of 1889 in force at the time of the execution of said instrument in February, 1897; with the presumption of law, in the husband's favor, to the effect that he furnished the purchase money which paid for said land; without any evidence as to the mental or physical condition of the wife when said deed was executed; without even a suggestion as to anything that was said or done between the husband and wife, we are asked, *solely* upon the language of said deed, which is in ordinary form and which recites a consideration of ten dollars, to declare said instrument invalid. Looking to the *deed* alone, and assuming that she had the legal right to convey said land to her husband in this manner, we do not feel justified in drawing the inference that it was obtained through fraud, duress or undue influence. This conclusion is supported in principle by the following authorities: Bonsal v. Randall, 192 Mo. l. c. 532; Youtsey v. Hollingsworth, 178 S. W. l. c. (Mo.) 107; Towson v. Moore, 173 U. S. 17; Taylor v. Taylor, 49 U. S. 183; Jenkins v. Pye, 37 U. S. l. c. 253; De Roux v. Girard's Exr., 112 Fed. 89; Meyer v. Jacobs, 123 Fed. 900; McElroy v. Masterson, 156 Fed. 36. We do not understand, nor do we hold, that the Married Woman's Act of 1889 has *absolutely* destroyed the fiduciary relation which formerly existed between husband and wife, but since the adoption of said act, before the court would be justified in setting aside a contract or deed between husband and wife, there must be some facts or circumstances shown, from which the court might draw the inference that the wife had not been fairly dealt with in the transaction between them.

Assuming that the wife could execute and deliver the deed aforesaid to her husband, we find no valid grounds in the record before us for setting the same aside.

II. It is contended by appellants that, as Rosina Meier acquired the title to said 514 acres before the adoption of the Married Woman's Act of 1889, she could not, on February 10, 1897, execute and deliver a deed direct to her

husband which would be effectual to pass the title to said land. Leaving out of consideration the questions discussed in the preceding proposition, and assuming for the purposes of the case that Mrs. Meier was the owner of said land as her legal estate, it is clear that, under the broad powers conferred by section 8304, Revised Statutes 1909, she had the legal right to sell and convey said land to a stranger, and to convey to him the legal title thereto, subject to the marital rights of the husband therein. [First Nat. Bank of Stronghurst v. Kirby, 190 S. W. (Mo.) 597; First Nat. Bank v. Kirby, 175 S. W. (Mo.) 931; Rogers v. Rogers, 265 Mo. l. c. 207; Harvey v. Long, 260 Mo. l. c. 391; Evans v. Morris, 234 Mo. 1. c. 186; Glascock v. Glascock, 217 Mo. l. c. 378-9; Bower v. Daniel, 198 Mo. l. c. 320; O'Day v. Meadows, 194 Mo. l. c. 614; Grimes v. Reynolds, 184 Mo. l. c. 692; Rice, Stix & Co. v. Sally, 176 Mo. l. c. 129; Abbott v. Trust Company, 149 Mo. App. l. c. 514; Montgomery v. Montgomery, 142 Mo. App. l. c. 486.] Section 8304, supra, makes no distinction between the husband and a stranger, so far as her right to contract is concerned. Hence, we have held that, since the passage of the Married Woman's Act aforesaid, the wife can sell and convey that which was her *legal* estate *before* the passage of said law, without the husband joining in said conveyance. [Rice, Stix & Co. v. Sally, 176 Mo. 107; Clay v. Mayer, 183 Mo. 150; O'Reilly v. Kluender, 193 Mo. l. c. 56; Glascock v. Glascock, 217 Mo. l. c. 378-9; Evans v. Morris, 234 Mo. l. c. 186.] We have likewise held that since the adoption of the Married Woman's Act of 1889, the wife may sell and convey, directly to the husband, that which was her *legal* estate prior to 1889. [Evans v. Morris, 234 Mo. l. c. 186; Glascock v. Glascock, 217 Mo. l. c. 378-9; O'Day v. Meadows, 194 Mo. l. c. 614; Farmers Exchange Bank v. Hageluken, 165 Mo. 449.]

We are therefore of the opinion that Mrs. Meier had the legal right to convey the property in controversy directly to her husband, and that the deed which she execut-

ed on February 10, 1897, vested in Diedrich Meier the legal title to said 514 acres of land.

III. The ten-year Statute of Limitations is likewise interposed as a defense against appellants' right to maintain this action. The petition charges that Diedrich Meier obtained the deed to said 514 acres, without consideration, through undue influence over his wife and through duress, constraint and fraud. Mrs. Meier lived about six weeks after the execution of said deed to her husband. If the above charges are true, she had the legal right, in her lifetime, to institute a suit, under the provisions of 6767, Revised Statutes 1889, to set aside said deed, and to have the same cancelled. If she had a right of action it *accrued* to her immediately after the execution and recording of the deed to her husband in February, 1897. She did not die until March 31 of the same year. This suit was not brought until April 9, 1913, and more than fifteen years after the death of Rosina Meier. Under the statute of 1889, which was the same as sections 1879, 1881 and 1883, Revised Statutes 1909, appellants are barred by the ten-year Statute of Limitations. [Gray v. Yates, 67 Mo. 601; Reed v. Painter, 145 Mo. 341; Robinson v. Allison, 192 Mo. 366-7; DeHatre v. Edmonds, 200 Mo. 246; Rutter v. Carothers, 223 Mo. 631; McKee v. Downing, 224 Mo. 115; Smith v. Settle, 128 Mo. App. 379.]

*Wife's Deed to Husband.*

The fact that appellants were married at the death of their mother on March 31, 1897, did not prevent the ten-year statute from being a bar to their recovery in this action. The rule is well settled in this jurisdiction, that disabilities cannot be cumulated, one upon another. [DeHatre v. Edmonds, 200 Mo. l. c. 271; Robinson v. Allison, 192 Mo. 366; Burdett v. May, 100 Mo. l. c. 19; Campbell v. Laclede Gas Co., 84 Mo. 352; Billon v. Larimore, 37 Mo. 375; Dessaunier v. Murphy, 33 Mo. 184.]

The plaintiffs were barred by the Statute of Limitations aforesaid before the commencement of this suit, and are not entitled to maintain this action for the purpose of

Smelser v. Meier.

setting aside and cancelling the deed aforesaid from Rosina Meier to Diedrich Meier.

IV.  We are asked in the petition to set aside and cancel the quitclaim deed from Kate Wolf et al. to Diedrich Meier, dated March 1, 1898, for the expressed consideration of one dollar, paid to each of said grantors, wherein they conveyed their *interest* in 454 acres of the land in controversy.  Having held that the deed from Rosina Meier, of date February 10, 1897, to Diedrich Meier, vested in the latter the title to the land in controversy; and having also held that the right of plaintiffs to maintain this action was barred by the Statute of Limitations when the same was commenced, we do not deem it necessary to consider the validity of said quitclaim deed, as the grantors therein had no interest in the real estate therein conveyed.

No Interest to Convey.

V.  On the pleadings as abstracted, we have fully considered the law and facts of the case, and have reached the conclusion that plaintiffs are not entitled to recover herein.

The judgment of the trial court is accordingly affirmed.

*Brown, C.*, concurs.

PER CURIAM.—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court.  All the judges concur; *Bond, J.*, in paragraph two *only* and in the result.