Gray v. Yates.

GRAY, *Plaintiff in Error*, v. YATES.

Statute of Limitations: INFANCY: TEN YEARS' ADVERSE POSSESSION is a bar to an action of ejectment brought by one who was a minor at the time the adverse possession commenced, but attained his majority more than three years before the expiration of the ten-year period.

*Error to Louisiana Court of Common Pleas.*—HON. GILCHRIST PORTER, Judge.

*Thos. L. Anderson, Jr.*, for plaintiff in error.

*I. C. Dempsey* and *Robinson & Smith* for defendant in error.

HOUGH, J.—This was an action of ejectment. The

defendant had judgment in the court below, and the plaintiff has brought the case here by writ of error. The defendant admitted that the plaintiff had a good paper title, and, to defeat a recovery, relied solely on the statute of limitations. The defendant's adverse possession began January 1st, 1865. The plaintiff was at that time a minor, but became of age January 10th, 1870. The present action was instituted October 18th, 1875. Whether on the facts stated the plaintiff was barred by the statute of limitations, is the only question presented by the record. This question depends for its solution upon the construction to be given to Sec. 4 of the statute of limitations, (Ch. 191, Genl. Stat. 1865.) The first section of the chapter provides that all actions for the recovery of lands, or the possession thereof, shall be brought within ten years after the right of action or of entry shall have accrued. The fourth section provides that if any person entitled to commence an action or make an entry be, at the time such right accrues, within the age of twenty-one years, or insane, or imprisoned, or a married woman, "the time during which such disability shall continue shall not be deemed any portion of the time in this chapter limited for the commencement of such action or the making of such entry; but such person may bring such action or make such entry *after the time so limited* and within three years after such disability is removed; *provided,* that no such action shall be commenced, had or maintained, or entry made, by any person laboring under the disabilities specified in this section after twenty-four years after the cause of such action or right of entry shall have accrued." The plaintiff contends that where a right of action accrues to an infant, and the period during which the minority thereafter continues is less than ten years, such time is not to be counted, and the plaintiff has ten years after attaining his majority in which to bring suit. The fourth section refers to the first, and must be construed in connection with it, and while the language employed is not as full and precise

as it should be perhaps, we think its true meaning may be fairly declared to be that when a right of action or of entry accrues to any person laboring under any of the disabilities therein enumerated, the period during which such disability continues, *though more than ten years*, shall not constitute a bar to his or her action or entry, but he or she may within three years after the removal of such disability, and within twenty-four years after such right of action or entry accrued, institute such action or make such entry. If the disability has existed for a period of time *less* than ten years, the person laboring under such disability must institute his suit within three years after the removal of the disability, unless said three years, together with the period of the disability, are less than ten years, in which event such person is entitled to the unexpired portion of the ten years; for all persons are entitled to ten years in any event. When a party has the three years given by the fourth section, and the whole period of the ten years given by the first section, the right of action or of entry is barred. In other words, when ten years have elapsed since the right of action accrued, and three of those years have been free from disability, the right of entry is barred. A like construction has been given to a similar statute in New York in the following cases: *Smith v. Burtis*, 9 Johns. 180; *Jackson v. Johnson*, 5 Cow. 93, 94; *Willson v. Betts* 4 Denio 208, 209. The judgment is affirmed. The other judges concur.

AFFIRMED.