Ogle v. Hignet.

---

OGLE, Appellant, v. HIGNET et al.

Division Two, March 12, 1901.

|161    47|
 92a  ² 34|

1. **Adverse Possession:** EXECUTED CONTRACT. The vendee under an executed contract holds adversely to his vendor. And a parol purchase by which the vendee pays the price agreed upon and enters into possession is an executed contract. Nor is such contract rendered unexecuted by a subsequent bond made by the infant vendor that he would make the vendee a deed when he reached his majority.

Ogle v. Hignet.

2. ——: MINOR LIMITATIONS. The vendee bought the land from an
infant and paid him the full purchase price and entered into pos-
session in 1886 and he and his grantee had continuous possession
till 1897, when this suit was brought. The vendor became of age
in 1891, and in 1897 sold the land to plaintiff, who sues in eject-
ment. *Held,* that plaintiff's suit is barred by the statute of limita-
tions. The right of action accrued when the vendee entered into
possession in 1886, and ten years from that date, if the vendor
reached his majority three years prior to the expiration of said
ten-year period, the action was barred.

Appeal from Pike Circuit Court.—*Hon. Reuben F. Roy,*
Judge.

AFFIRMED.

*J. D. Hostetter* for appellant.

A conveyance made by one who has attained his majority,
is of itself a disaffirmance of any conveyance made during
minority. Craig v. Van Bebber, 100 Mo. 584; Lacey v.
Pixler, 120 Mo. 383; Ridgeway v. Herbert (Mo.), 51 S. W.
1040. Silence or inaction will not prevent an infant from
disaffirming his deed unless continued long enough to consti-
tute bar under the statute. Huth v. Carondelet, 56 Mo. 209.
Neither is an infant obliged to return consideration where the
evidence shows, as in this case, it was consumed by him during
minority. Craig v. VanBebber, 100 Mo. 584; Tiedeman on
Real Property, sec. 792; Thomas v. Pullis, 56 Mo. 211;
Peterson v. Laik, 24 Mo. 541; Kerr v. Bell, 44 Mo. 120.
Possession by a vendee under title bond, being merely execu-
tory, is not adverse to the vendor. In the case at bar, the in-
fant signed a paper agreeing that when he obtained his major-
ity he would make deeds to Wicks. As Wicks' right to re-
quire a deed did not arise until the infant became of age, his
possession never became adverse to the infant, he having died
before the infant became of age. All the authorities hold

that the ten years adverse possession, to be a bar, must be continuous. Wicks' possession (even assuming it to have been adverse) began after November 13, 1886, the date of his deed to the three-fourths interest from the adult heirs, and he died in the spring of 1891, being in possession only four and one-half years. His administrator used it for a year or so, but the record is silent as to whose authority he was acting under. The evidence shows it to have been left unoccupied, unfenced and unused by any one from the time the administrator went out of possession, which was not later than the spring of 1893, up to February, 1897, when the partition proceeding among the Wicks heirs took place, at which time defendants acquired the title of the remaining Wicks heirs and went into possession.

*Jas. D. Kincaid* for respondents.

GANTT, J.—This is an action of ejectment for an undivided one-fourth of the northwest quarter of the southeast quarter of section 25, township 54, range 5, east, in Pike county, Missouri.

The answer is a general denial.

Joseph Keithly is the common source of title. By his will said Keithly devised the said forty acres to his wife for life, remainder to his four sons. His wife died in 1884. Three of the sons were adults, and one a minor about thirteen years old.

In 1886 the three adult heirs conveyed their three-fourths interest to Dr. C. A. Wicks, and the minor, Osa Keithly, by parol sold his undivided fourth to Dr. Wicks, who paid him the purchase price in full and Dr. Wicks took possession of the whole tract and fenced it and used it as a pasture until the

time of his death. His administrator took charge of it until it was partitioned among the heirs of Dr. Wicks. In the partition it was assigned to Mrs. Hignet and she has had possession ever since, and was in possession when this action was commenced in April, 1897.

Osa Kiethly testified that sometime, he was uncertain when, whether at the time he received the payment for his interest and put Dr. Wicks in possession, or after that time, Dr. Wicks had him sign a bond to make a deed when he arrived at his majority.

Dr. Wicks died before Osa reached his majority. Osa testified that if Dr. Wicks had lived he would have made the deed to him; that Osa took the purchase money, and spent it for his support. In March, 1897, Osa Keithly, after telling Ogle, the plaintiff, that he had also sold the land to Dr. Wicks and spent the money, again sold the undivided one-fourth to Ogle for $15, the same amount Wicks had given him.

The circuit court held the statute of limitations, under the evidence, was a bar. There was sufficient evidence upon which the court could have found there had been an adverse possession by Wicks and his heirs. Osa Keithly arrived at his majority in 1891, and did not bring his action or disavow his sale to Wicks until March 1st, 1897.

The first proposition of appellant is that Dr. Wicks's possession was not adverse, because he was a vendee under an unexecuted contract of sale. This is untenable under the facts. Wicks paid the full purchase price and took possession in 1886, and had a continuous adverse possession from that date. The collateral agreement of Osa to make him a deed when he reached his majority did not make the contract an unexecuted one on the part of his vendee, Dr. Wicks, and it is settled law in this State that a vendee, under an executed

Ogle v. Hignet.

contract, holds adversely to his vendor.

Did the statute run against Osa Keithly before he made his deed to plaintiff? We think it did. In Gray v. Yates, 67 Mo. 603, this court unanimously construed section 4, chapter 191, General Statutes 1865, the same in this respect as it is to-day, to mean that when a right of action accrues to a minor under the disability of infancy, "the period during which such disability continues, though more than ten years, shall not constitute a bar to his or her action or entry, but he or she may, within three years after the removal of such disability, and within twenty-four years after such right of action or entry accrued, institute such action or make such entry. If the disability has existed for a period of time *less* than ten years, the person laboring under such disability must institute his suit within three years after the removal of the disability, *unless* said three years, together with the period of disability, are less than ten years, in which event such person is entitled to the unexpired portion of the ten years; for all persons are entitled to ten years in any event. When a party has the three years given by the statute (sec. 4, G. S. 1865) and the whole period given by the first section, the right of action or of entry is barred. In other words, when ten years have elapsed since the right of action accrued and three of those years have been free from disability, the right of action or of entry is barred."

The same construction has been given a similar statute in New York. [Smith v. Burtis, 9 Johns. 180; Jackson v. Johnson, 5 Cow. 93; Wilson v. Betts, 4 Denio 208.]

The right of action of Osa accrued when Dr. Wicks took possession in 1886. Osa became of age in 1891. Six years afterwards and after the ten years had elapsed, he chose to make a deed to plaintiff who had full knowledge of

all the facts.    At that time Osa Keithly was barred and had nothing to convey to plaintiff, and the judgment of the circuit court was right and is affirmed.    All concur.