Rosenberger v. Mallerson.

---

E. P. ROSENBERGER, Administrator, Respondent, v. M. N. MALLERSON, Administrator, Appellant.

St. Louis Court of Appeals, February 4, 1902.

1. **Statute of Limitations: EXECUTORS AND ADMINISTRATORS, WHEN ENTITLED TO SUE: ACTION: STATUTORY CONSTRUCTION.** The right to sue under section 4281, Revised Statutes 1899, must be construed as referring to disabled parties, such as are specified in section 4279, Revised Statutes 1899, and enuring only to the executors and administrators of persons who die while disabled and against whom, therefore, no statute of limitations had begun to run; for if it had commenced running, the death of the person in whose favor the cause of action existed would not interrupt it.

2. ———: ———: ———. And under section 4279, Revised Statutes 1899, a party under disability has the full limitation period after attaining legal capacity, to commence an action.

3. ———: ———: ———. And if such person dies while still under the disability, section 4281, Revised Statutes 1899, limits the time in which a suit on the cause of action that had accrued to him but on which he had failed to sue, may be commenced by his representative.

4. **Action: WIFE: HUSBAND.** A wife may maintain an action against her husband in reference to her separate real or personal estate, nor does the fact that the estate is in money affect her right to do so.

5. **Statute of Limitations.** In the case at bar, the husband in February, 1892, and during coverture, received all of the pro-

ceeds of the sale of two lots belonging to his wife, and without the written consent of his wife appropriated the same to his own use and continued to hold and use the same despite her complaints and protests until she died, September 14, 1896. *Held*, that as the wife was entitled to sue at any time after the conversion, and as the present action was not commenced until 1901, it is barred by the statute of limitations.

Appeal from Montgomery Circuit Court.—*Hon. Elliott M. Hughes*, Judge.

REVERSED.

*Warner Lewis* and *Claude R. Ball* for appellant.

(1)   The time when a cause of action accrues does not depend on the fact as to whether or not the person whose rights have been invaded or withheld, is *sui juris*, but it does accrue the instant the wrong or injury is committed against the person who does the injury.   If this was not so the most helpless and deserving of the community would often be without remedy and become a prey to the crafty and more powerful.   Hence, the law provides remedies upon causes of action accruing during the disability of such persons, either by guardian; next friend (at law or in equity), or by themselves after the disability is removed.   Mrs. Klingelhoefer, therefore, had a perfect and complete "cause of action" against her husband on the second day of February, 1892, the time when he converted the proceeds of her property to his own use, without the assent and consent of his wife.   R. S. 1889, sec. 6869.   Mrs. Klingelhoefer having died during her coverture, and no determination or judgment having been had of the right of action that accrued to her during her lifetime, and the remedy, if any, afforded her, by section 4279, Revised Statutes 1899, being cut off by her death, the cause of action survived or descended to her legal representative as provided by section 4281, Revised Statutes 1899, to bring an action within one year after

her death, "but not after that period." (2)  Mrs. Klingel-
hoefer having died under coverture in 1896, by the express
terms of the statutes her administrator was bound to bring this
action within twelve months after her death, unless it be a suit
that can not be barred at all.  Grey v. Yates, 67 Mo. 601;
Wheelock v. Overshiner, 110 Mo. 100; Hinters v. Hinters,
114 Mo. 30.  (3)  The phrases, "disability of married
women," "disability of coverture," and other like phrases
known to the common law, and running through our statutes,
intended to keep the *femme covert* in legal subjection to her
"liege lord," and deprive her of seeking redress in the courts
in her own right, for causes of action accruing to her from
him, have in most instances been rendered either nugatory or
obsolete by legislation, or by the more practicable and common-
sense decisions of the courts.  So that it is difficult to say when
her right to sue her husband in her own name does not now
exist, whether the cause of action be legal or equitable, or both.
R. S. 1899, chap. 51, title "Married Women"; Neley v. Hunt,
61 Mo. 463; Landis v. Sutton, 105 Mo. 489.

*Jas. F. Ball* and *H. W. Johnson* for respondent.

(1)  The only defense to the merits of this action is the
statute of limitations.  This will not avail defendant anything,
because the only way known to the statute for the husband to
become the owner of the wife's money is her "written assent
thereto."  Limitation will not help him.  (2)  Especial atten-
tion is asked to the statute which defendant's able counsel
plead.  First: Section 4279, Revised Statutes 1899, says: "If
any person entitled to bring an action." . . . Section 4281: "If
any person so entitled to sue." . . .  Was Mrs. Klingelhoefer
ever entitled to bring an action, or, was she entitled either at
law or in equity "to sue" her husband in her lifetime?  We
certainly insist not.  We further say the only action that ever
could be brought, under the agreed statement of facts, was one

"at law," and the cause of action and the right to sue first accrued to her administrator, and that no right "to sue" ever accrued to Mrs. Klingelhoefer in her lifetime. This money here sued for certainly should be used for the purpose of paying the debts of Dora Klingelhoefer, as it certainly came from the sale of her separate property.

GOODE, J.—This case was tried on an agreed statement of facts from which it appears that Dora Klingelhoefer and Michael Klingelhoefer were married to each other in 1871. At the time of their marriage the wife owned two lots in Montgomery City and the husband owned two others adjoining hers. On the second day of February, 1892, and during their coverture, they conveyed all of said real estate to Mrs. Mary V. Evered for eleven hundred dollars. The property of each was of equal value, and therefore each was entitled to a moiety of the proceeds. According to the plaintiff's petition and the agreed statement of facts, the entire proceeds of said sale were paid over to the husband, appropriated by him and converted to his own use, against the consent and objection of his wife. Matters continued in this shape until September 14, 1896, when the wife died. The husband survived the wife until December, 1899, when he died also. Soon after the husband's death, to-wit, December 14, 1899, the defendant Powell, as the public administrator, took charge of his estate. Nothing was done with the estate of the wife until January, 1901, when plaintiff Rosenberger took out letters of administration on it, and soon thereafter began this proceeding to recover the proceeds of the real estate which had belonged to the wife.

Plaintiff had judgment for five hundred and fifty dollars, from which defendant appealed.

Both the petition and the agreed statement of facts say the husband, Michael Klingelhoefer, received all the proceeds of the sale of the four lots, of which he and his wife each owned two, and, without the written consent of his wife, appro-

priated the same to his own use and continued to hold and use the same despite her complaints and protests until she died.

The question for decision is, whether plaintiff's action is within the limitation of section 4281, Revised Statutes 1899, which is as follows:

"If any person so entitled to sue die before the expiration of the time herein limited for the commencement of such suit, if such cause of action shall survive to his representatives, his executor or administrator may, after the expiration of such time and within one year after such death, commence such action, but not after that period."

That section corresponds to section 6780 of the Revised Statutes of 1889. In the present revision the continuity was broken by the insertion of a new section (4280) concerning actions barred by the law of states and countries where they originated. Sections 6779, Revised Statutes of 1889, corresponding to section 4279 of the present statutes, gives a person who is under either of the disabilities therein named, the right to commence an action after the disability is removed within the times limited in the article. The section above quoted immediately follows and grants to the executor or administrator of a deceased person who is entitled to sue in his lifetime, the right to institute an action after the expiration of the times limited in the article and within one year after the death of the decedent, provided the cause is one which survives to the representative. The right to sue therein granted must be construed as referring to disabled parties, such as are specified in the preceding section, and enuring only to the executors and administrators of persons who die while disabled and against whom, therefore, no limitation has begun to run; for if it had commenced running, the death of the person in whose favor the cause of action existed would not interrupt it. Smith v. Newby, 13 Mo. 159; Pim v. St. Louis, 122 Mo. 654.

The first of the two sections allows a party under a disability the full limitation period after attaining legal capacity, to

commence an action; and if such person dies while still under the disability, the next section limits the time in which a suit on the cause of action that had accrued to him but on which he had failed to sue, may be commenced by his representative. The section we are considering has, therefore, the same office in regard to personal actions that section 6769 (R. S. 1889) has in regard to real actions; that is, both relate to the limitation of the time for proceeding on a cause of action which accrued to a person who died while laboring under a disability; and whatever construction is given to the section last named is applicable as well to the first, with the exception, of course, that the limitation period in which the successor to the right of a party first entitled to sue may begin his action after the death of such party is three years in one case and one year in the other.

The force and effect of section 6769 was determined by the Supreme Court in the case of Reed v. Painter, 145 Mo. 341, in which the defendant, Painter, had persuaded his wife to join him in the conveyance of a lot she owned in her own right and had afterwards bought a farm with the proceeds of said lot and taken the title to it in his own name. After her death, the plaintiffs, as her heirs, sued to have him declared a trustee for them as to the farm and for a divestiture of the title. The question was, what was the effect, on the plaintiff's case, of said section which reads as follows:

"If any person entitled to commence such action or to make such entry die during the continuance of any disability specified in section 6767, and no determination or judgment be had of the title, right or action to him accrued, his heirs, or any person claiming from, by or under him, may commence such action or make such entry after the time in this article limited for that purpose and within three years after his death, but not after that period."

It was ruled that the wife could have sued to have the title decreed to her at any time during coverture and, there-

fore, her heirs could sue for the same relief within three years following her death, but not after that period; and as the action was not brought within the time limited, they were held barred.

Respondent endeavors to distinguish the principle of that case from the one at bar, on the theory that Mrs. Painter was entitled to sue her husband in equity to divest the title to her real estate which he had purchased with her money; but that Mrs. Klingelhoefer was not entitled to sue her husband for the proceeds of her land as long as they were kept by him in the form of money. This position is untenable. Whether she could have sued him at law or not, she could have maintained an action in the nature of a bill in equity against him to have him declared a trustee, for her benefit, of the money obtained by selling her lot, at any time after he had wrongfully converted the same to his own use. Woodward v. Woodward, 148 Mo. 241; Walter v. Walter, 48 Mo. 140.

It is an ancient rule of equity jurisprudence that a wife may maintain an action against her husband in reference to her separate real or personal estate, nor does the fact that the estate is in money affect her right to do so. The proceeds of Mrs. Klingelhoefer's lot were her separate means. Gilliland v. Gilliland, 96 Mo. 522; Rogers v. Bank, 69 Mo. 560.

It is insisted that a decree could not reach cash in Klingelhoefer's pocket; but that objection relates to the effectiveness of the remedy and not to the right to pursue it; neither could an execution, if she had been able to obtain a judgment against him at law. Litigation, both legal and equitable, is often fruitless.

The decision of the point in Reed v. Painter is made to turn on the fact that a wife may sue her husband in equity, and we have determined this cause by applying the same principle, but venture the further observation that the plaintiff is barred regardless of the equity rule. No exceptions to the operation of the statute are allowed save those enumerated in

it, such as absence from the State, concealment, and some others. Courts do not engraft other exceptions on the law by construction. Hoester v. Samuelmann, 101 Mo. 619. The circumstance that the party in whose favor a right of action exists is married to the one against whom it exists, is not one of the exceptions mentioned. And, how could that circumstance have any practical effect? A married woman is not bound to sue on a cause of action she has against some person other than her husband. She may do so if she likes, but the statute will not run against her if she does not. Lindell Real Estate Co. v. Lindell, 142 Mo. 61. But in such a case, her executor or administrator would undoubtedly have to begin suit in the time limited by the statute or in one year after her death, and her heirs in three years thereafter (if the action was for realty), or be barred. Gray v. Yates, 67 Mo. 601; Ogle v. Hignet, 161 Mo. 47. Why should the fact that the individual against whom the right arose happened to be her husband, make a difference? If no cause of action existed in her favor for a wrongful act done by him during coverture, certainly none could pass to her representatives. If the husband's act is lawful it can never constitute a ground for relief at any one's suit; if it is unlawful, it constitutes such ground when done, which only coverture stands in the way of her seeking redress for, and the case is, in no practical aspect, different from the ordinary instance of disability by reason of the party who has the right of action being a married woman. The significance of the phrase "person entitled to sue" seems to be simply a person, either disabled or *sui juris*, to whom a cause of action has accrued; not one who enjoys such right free from any legal obstacle in the way of its assertion.

But we prefer to rest the decision on the cautious precedent established by the Supreme Court, and hold that as plaintiff's intestate was entitled to sue at any time after the conversion, and as the present action was not begun until 1901 it is barred. The judgment is, therefore, reversed. *Bland, P. J.*, and *Barclay, J.*, concur.