WILLARD SMITH, Administrator, Respondent, v.
JEFF D. SETTLE, Appellant.

Kansas City Court of Appeals, January 27, 1908.

1. **HUSBAND AND WIFE: Conversion of Wife's Estate: Trust:
   Limitation: Statute.**   Where a husband receives the money of
   his wife without her written consent it remains hers and he
   holds it in trust for her and limitation begins to run from
   the day of the receipt of the money; but where her disability
   by reason of her coverture continues to her death, then her
   representative has, under the statute, one year from her death
   and no more to bring suit.

2. ——: ——: ——: ——: ——.   While in such case the hus-
   band becomes a trustee, it is not such a trustee as is ex-
   empt from the operation of the Statute of Limitations, being
   an implied or constructive trust and the statute runs from its
   creation.

3. ——: ——: ——: ——: **Concealment.**  Evidence re-
   lating to concealment of the conversion is held insufficient
   and the claimants had an opportunity for investigation and
   should have been diligent.

4. ——: ——: ——: ——: **Administrator.**  The rule
   that limitation  begins to run only from the appointment of
   an administrator does not effect the specific statute governing
   this case, which runs from the death of the intestate.

Appeal from Howard Circuit Court.—*Hon. Alexander
H. Waller,* Judge.

REVERSED.

*S. C. Major* and *A. W. Walker* for appellant.

(1)   The minute the defendant took his wife's sep-
arate moneys and held them as his own without her
written assent a cause of action accrued to the wife on
account thereof and she was entitled to sue him either

in equity or at law.    R. S. 1899, sec. 4340; R. S. 1899, sec. 4335; Rosenberger v. Mallerson, 92 Mo. App. 27; Reed v. Painter, 145 Mo. 341; Woodward v. Woodward, 148 Mo. 241; Gordon v. Gordon, 183 Mo. 294; Beagles v. Beagles, 95 Mo. App. 338; Grimes v. Reynolds, 184 Mo. 679; Rice, Stix & Co. v. Sally, 176 Mo. 129.    (2)   While Maud Settle was entitled to bring an action against her husband, the defendant, during the marriage, she being a married woman was not compelled to do so to avoid the Statutes of Limitation, but having died during the marriage without suing, her administrator was entitled "to commence such action within one year after her death but not after that period."    This action was not commenced within one year after the death of Maud Settle and is therefore barred.    R. S. 1899, sec. 4281; Rosenberger v. Mallerson, 92 Mo. App. 27; Reed v. Painter, 145 Mo. 341; Robinson v. Allison, 192 Mo. 375. (3)   No demand was necessary to give Maud Settle a cause of action against her husband on account of the separate moneys.    Landis v. Saxton, 105 Mo. 486; Hoffman v. Hoffman's Executor, 126 Mo. 494.    (4)   If defendant became trustee of the wife's separate moneys it was solely by operation of the statute (R. S. 1899, sec. 4340), requiring the wife's assent in writing.    Such was not an express or continuing trust but what is usually termed an implied or constructive trust.    The statutes of limitation begin to run against such trusts from their creation.    Landis v. Saxton, 105 Mo. 489; Reed v. Painter, 145 Mo. 356; Shelby Co. v. Bragg, 135 Mo. 295; Newton v. Rabenack, 90 Mo. App. 659; Shortridge v. Harding, 34 Mo. App. 354; Rosenberger v. Mallerson, 92 Mo. App. 27.    (5)   If defendant became a simple debtor on account of said separate moneys the statutes of limitation would have begun at once to run against any action for the recovery of such moneys but for the wife's coverture.    Garrett v. Conklin, 52 Mo. App. 654; Rosenberger v. Mallerson, 92 Mo. App. 27; Johnson v.

Smith's Admr., 27 Mo. 593; Greenabaum v. Elliott, 60 Mo. 32. (6) The plaintiff did not attempt to show that the defendant was guilty of any concealment of the facts respecting the moneys that would prevent the Statutes of Limitations from running. On the contrary the evidence shows there was no concealment. Mhelby Co. v. Bragg, 135 Mo. 291; Callan v. Callan, 175 Mo. 346.

*O. S. Barton* for respondent.

(1) The judgment in this case was for the right party because the administrator is entitled to the money and interest thereon because the appellant holding property in his own name which was his wife's created in him a trust in favor of her or her representative unless the wife had given her consent in writing. No such consent was shown and it remained her separate property and was not transferred to her husband by his use but was a trust fund for her benefit in his possession. Winn v. Riley, 151 Mo. 66; Jones v. Elkin, 143 Mo. 647; Grocery Co. v. Ballinger, 137 Mo. 369; Bank v. Winn, 132 Mo. 80; Hoffman v. Hoffman, 126 Mo. 486; McGuire v. Allen, 108 Mo. 403; Gilliand v. Gilliand, 96 Mo. 522; Broughton v. Brand, 94 Mo. 169. (2) The principal contention of the appellant is that this action is barred by the Statute of Limitations because it was not brought within one year after the death of Mrs. Settle. The possession of the trustee was that of those entities to the benefits. Butler v. Lawson, 72 Mo. 49; Real Estate Co. v. Lindel, 146 Mo. 61. (3) The statute did not begin to run in appellant's favor until the death of his wife. Since her heirs did not have any interest in her estate until her death. Snyder v. Eliot, 171 Mo. 373. (4) When a party who is protected by the limitation statute fraudulently conceals from another, by acts which would deceive an ordinary prudent man, that there is a cause of action, the party

so deceived cannot be accused of lack of diligence. State ex rel. v. Hawkins, 103 Mo. App. 251. And this is the case whether or not the statute contains the specific provisions as to fraudulent concealments. "Concealing" which prevents running of the statute need not be with fraudulent intent; if it prevents service of process it is sufficient. Van Ardle v. Trum, 9 Mo. 402. (5) The action was not barred by the Statute of Limitations for the further reason that the Statute of Limitations does not run against an administrator nor in his favor until the date of his letters. Polk's Administrator v. Allen, 19 Mo. 467; Little v. Reid, 75 Mo. App. 266.

ELLISON, J.—Defendant's wife, in her lifetime inherited the sum of $1,131.50. Defendant received the money in May, 1890, and he used it as his own, but he never had the written consent of the wife. The wife died intestate in July, 1904, and plaintiff was appointed administrator of her estate and began this action in October, 1905. Among other things, the petition alleges that after the death of his wife defendant concealed from the heirs the facts concerning said moneys, for the purpose of preventing them from collecting. The answer was a general denial and a plea of the Statute of Limitations. The judgment in the trial court was for the plaintiff.

When the defendant received the money belonging to his wife without her consent in writing, it remained hers and he held it in trust for her. The period of limitation began to run the day he received the money. But as she was under coverture and died under that disability, another statute applied to such case (sections 4279 and 4281, Revised Statutes 1899) which gave her representative one year from her death. The latter section reads that "If any person so entitled to sue die before the expiration of the time herein limited for the commencement of such suit, if such cause of action

shall survive to his representatives, his executor or administrator may, after the expiration of such time and within one year after such death, commence such action, but not after that period." Under this section it is imperative that the action be begun within one year. [Rosenberger v. Mallerson, 92 Mo. App. 27.]

Concerning real estate the extended period for suit after the removal of disability is three years (section 4267, Revised Statutes 1899) and the Supreme Court held that, though the wife is under coverture, the action may accrue to her even as against the husband; though if she allow the period of limitation to run without bringing an action against him and dies, the action is yet saved to her heirs or those claiming by or under her, for three years. And so even if the period of limitation had not run when she dies, yet only three years are allowed after her death in which to commence the action. [Reed v. Painter, 145 Mo. 341.] That case is authority for the position we have taken as to personalty where one year is the period allowed after death. And so it was considered by the St. Louis Court of Appeals in Rosenberger v. Mallerson, supra.

But it is said by plaintiff that defendant became a trustee for the deceased wife and that limitation does not run in such case, and that the statute aforesaid requiring suit to be brought within one year after death does not apply. It is true where the husband appropriates the wife's money inheritance, as here, she can treat him either as a trustee, or simply as a debtor. [Winn v. Riley, 151 Mo. 61, 67.] But if treated as a trustee it is not such a trust as is exempt from the operation of the Statute of Limitations. It was not an express trust; it was an implied or constructive trust, and the statute runs against such from its creation. [Landis v. Saxton, 105 Mo. 486; Reed v. Painter, 145 Mo. 341, 356.]

It is however suggested by plaintiff's counsel in

support of the allegation in the petition to which we have referred, that conceding the statute would ordinarily run, yet there was a fraudulent concealment by defendant which prevented its running in this case under our decision in State ex rel. v. Hawkins, 103 Mo. App. 251. We have examined the evidence relied upon to establish concealment and find it falls far below what is required. There was no concealment of the estate or that defendant had taken possession of it. The existence of the estate was known to the claimants. One witness testified that defendant told him that "they" (he and his wife), had spent *most* of the money. But surely such character of evidence would not justify claimants in lying by without making further investigation. It does not appear that an investigation was had as to how much of the money which "they" spent may have been expended by him for his private or individual purpose. The evidence fails to show a fraudulent concealment. There was every opportunity for claimants to have made investigation. It was their duty to be diligent in that respect. [Callan v. Callan, 175 Mo. 346; Shelby Co. v. Bragg, 135 Mo. 291.]

Finally it is said that the statute should not be applied since this action was begun within one year from the time the plaintiff was appointed as administrator, and that limitation only begins to run against an administrator from the time of his appointment, citing Polk's Admr. v. Allen, 19 Mo. 467. But the specific statute with which we are here concerned affirmatively declares that the administrator must bring the action within one year after the intestate's *death* and not afterwards. The general exception invoked by plaintiff does not apply to this statute.

The result of our consideration is a reversal of the judgment and it is so ordered. All concur.