**Mary HOLLAND, Administratrix of the Estate of Frank Holland, Deceased, Plaintiff-Appellant,**

v.

**Gordon DUCKWORTH, Defendant-Respondent.**

No. 9874.

Missouri Court of Appeals, Springfield District.

July 22, 1976.

Stephen R. Sharp, Welman & Associates, Kennett, for plaintiff-appellant.

Byron D. Luber, Ward & Reeves, Caruthersville, for defendant-respondent.

Before BILLINGS, C. J., and STONE and TITUS, JJ.

BILLINGS, Chief Judge.

Plaintiff Mary Holland, Administratrix of the Estate of Frank Holland, deceased, has lodged this appeal seeking reversal of the trial court's order sustaining defendant Gordon Duckworth's motion for summary judgment. Plaintiff sued defendant, a medical doctor, alleging he was negligent in leaving a surgical appliance in Frank Holland during an appendectomy and failing to discover it until a second operation sometime later. The trial court determined plaintiff's malpractice suit was barred by the statute of limitation. We affirm.

The pleadings, motion and affidavits in the record reflect the following chronology of events which have given rise to the issue in this appeal:

December 1, 1969—Defendant performed appendectomy on Frank Holland;

April 2, 1970—Defendant performed a second operation on Frank Holland;

April 3, 1970—Defendant last treated Frank Holland;

January 23, 1972—Frank Holland died from causes unrelated to the present action;

January 22, 1973—Plaintiff filed this suit in the Circuit Court of Pemiscot County, Missouri.

The Missouri statute of limitation for medical malpractice requires the action to be "brought within two years from the date of the act of neglect complained of. . ." § 516.140, RSMo 1969. Plaintiff seeks to avoid the limitation defense by contending (1) the limitation period prescribed by § 516.140 did not commence until treatment of Frank Holland ended on April 3, 1970, and (2) another statute, § 516.180, RSMo 1969, gave plaintiff one year from Holland's death on January 23, 1972, within which to sue the defendant. Neither contention, standing alone, is sufficient to maintain this suit since Holland died more than two years after his appendectomy and the present action was instituted more than two years after defendant's treatment of Holland ended. Consequently, plaintiff's claim that the statutory period did not begin to run until treatment ended [*Thatcher v. De Tar*, 351 Mo. 603, 173 S.W.2d 760 (1943)] is without importance in this appeal unless § 516.-140 is, because of Holland's death, extended by § 516.180.

Section 516.180 does modify the limitation statutes for *some* actions owned by persons who die before their remedy is barred by the passage of time. Plaintiff takes the position that this statute is applicable generally to Chapter 516 and not merely to the preceding section, § 516.170, and is not limited to persons under disabilities who die within the period suit could have been brought.

Section 516.170 provides: "If any person entitled to bring an action in sections 516.-100 to 516.370 specified, at the time the cause of action accrued be either within the age of twenty-one years, or insane, or imprisoned on a criminal charge, or in execution under a sentence of a criminal court for a less term than for his natural life, such persons shall be at liberty to bring such actions within the respective times in sections 516.100 to 516.370 limited *after such disability is removed.*" (our emphasis)

A reproduction of § 516.180 as contained in the official Revised Statutes of Missouri 1969 is as follows:

"516.180. *On death of person under disability, cause of action survives.*—If any person so entitled to sue, dies before the expiration of the time herein limited for the commencement of such suit, if such cause of action shall survive to his representatives, his executor or administrator

may, after the expiration of such time and within one year after such death, commence such action, but not after that period."

The caption or catchline to the foregoing statute assumes the "person so entitled to sue" is one who dies under a disability, presumably as defined by § 516.170. However, plaintiff cites two cases[1] indicating that the catchline is not part of the statute and is of no aid in construction since it has been added by the revisor of statutes and not by the legislature.

■ It has been the policy of this state since territorial days to toll the running of the statutory period of limitation if the cause of action accrued while the wronged party was under some legal disability. 1 Mo.Terr.Laws, at 144, § 2 (enacted July 4, 1807). By act of December 17, 1818, the legislature adopted another limitations law; this was restricted to actions for the inheritance or possession of realty [1 Mo.Terr. Laws, at 598–99] and included a tolling provision for disability. In addition, a new feature, was the following proviso:

"[I]n case such person or persons shall die within the said term of twenty years, under any of the disabilities aforesaid, the heir or heirs of such person or persons, shall have the same benefit that such persons could or might have had, by living until their disabilities should have ceased or been removed."

The direct descendant of the foregoing provision is § 516.050, RSMo 1969, which continues to make it clear that a special limitation (now three years) applies only to the representatives of persons to whom a real action accrued while under a disability (see § 516.030, RSMo 1969) and who subsequently die while remaining disabled.

The notes of the compiler of these early laws disclose that both the acts of 1807 and 1818 were repealed in 1825, undoubtedly in favor of some new enactments incorporated in RSMo 1825. RSMo 1835 contains the law of limitations on real and personal actions

as separate articles of the same chapter. Article I, on real actions, contains the following (RSMo 1835, at 393):

"§ 5. If any person entitled to commence such action, or to make such entry, die during the continuance of any disability specified in the preceding section, and no determination or judgment be had of the title, right or action to him accrued, his heirs may commence such action or make such entry after the time of this article limited for that purpose, and within ten years after his death, but not after that period."

Article II covers personal actions and is partially set out below (RSMo 1835, at 394):

"§ 6. If any person entitled to bring any action in this article specified, die before the expiration of the time herein limited for the commencement of such suit, if such cause of action shall survive to his representatives, his executor or administrator may, after the expiration of such time, and within one year after such death, commence such action, but not after that period."

The same statutes, with alterations not pertinent here, appear in the next two revisions and re-enactments. Ch. 109, art. I, §§ 4, 5, art. II, §§ 5, 6, RSMo 1845; ch. 103, art. I, §§ 4, 6, art. II, §§ 10, 11, RSMo 1855.

This brings us to the act of February 24, 1857 [Mo.Laws 1857 at 78, § 11], which plaintiff insists should be read as the true law because of its variation from RSMo 1866 and all subsequent revisions. The 1857 statute appears to be identical in every respect to the limitations chapter of RSMo 1855.

Plaintiff makes much of the discrepancy apparent between Article II, § 11 of the 1857 law and ch. 191, § 15, RSMo 1866, which, except for two commas, reads precisely the same as present § 516.180 set out earlier. The 1866 revision preserved the death section relating to real actions with its explicit application to persons dying

1. *Bullington v. State*, 459 S.W.2d 334 (Mo. 1970); *State v. Thomas*, 301 Mo. 603, 256 S.W. 1028 (1923).

while disabled. The personal action section of instant concern departs from the language of its predecessors and does differ from the companion real action section. *Compare* ch. 191, § 6, *with* ch. 191, § 15, RSMo 1866. However, the entire revision of 1866 was enacted into law as of August 1, 1866 and the entire revision of 1855 was repealed as of the same date. Ch. 224, §§ 1, 2, RSMo 1866. Also see the *Preface* to that volume.

Thus, although it is difficult to believe the General Assembly intended any change in the law, the statute which formerly spoke of "any person, entitled to bring any action, in this article" refers to "any person so entitled to sue." As a result, we are unable to agree with plaintiff's averment that the court should look only to the language found in the Session Laws of 1857 and ignore the more than 100-year-old phrasing of § 516.180.

It is of some significance that a marginal catchline virtually identical to the present boldface heading to § 516.180 is found in the 1845 revision; a slightly different phrasing and format was employed in the 1835 revision. Both of these catchlines specifically refer to persons who die under disability. While not properly part of the law, these would seem to indicate how the statute was read and understood even before the more general wording, beginning with RSMo 1866, was adopted.

■ Following the 1899 revision the St. Louis Court of Appeals ruled that § 4281, RSMo 1899, [now § 516.180] refers to *disabled parties* as defined by § 4279, RSMo 1899, [now § 516.170] *Rosenberger v. Mallerson*, 92 Mo.App. 27, 31–32 (Mo.App.1902). (our emphasis) *See also McKee v. Downing*, 224 Mo. 115, 124 S.W. 7, 13 (1909); *Ryan v. Ford*, 151 Mo.App. 689, 132 S.W. 610, 612 (1910); *Smith v. Settle*, 128 Mo.App. 379, 107 S.W. 430, 430–31[2, 3] (1908).

In *Rosenberger* the court held:
"The right to sue therein granted must be construed as referring to disabled parties, such as are specified in the preceding section, and enuring only to the executors and administrators of persons who die while disabled and against whom, therefore, no limitation has begun to run; for if it had commenced running, the death of the person in whose favor the cause of action existed would not interrupt it."

"The first of the two sections allows a party under a disability the full limitation period after attaining legal capacity, to commence an action; and if such person dies while still under the disability, the next section limits the time in which a suit on the cause of action that had accrued to him but on which he had failed to sue, may be commenced by his representative." 92 Mo.App. at 31–32.

We conclude that plaintiff sued too late. Additional support for this conclusion is found in Professor Davis' comprehensive and authoritative article on limitations to tort actions. Davis, *Tort Liability and the Statutes of Limitation*, 33 Mo.L.Rev. 171, 207–08 (1968). The author states that *§ 516.180 applies only to those dying disabled.* Special attention is called to Example 20 on page 208, which is the exact legal situation posed by the present appeal. In note 188 on page 208, Professor Davis cites §§ 537.010–.020 for his statement that *the limitations period is unaltered if the injured has died without disability and before suing.* (our emphasis)

■ We hold the statutory period for bringing suit had run and the trial court correctly granted defendant's motion for summary judgment.

Judgment affirmed.

All concur.