**Juanita WINCHESTER and Jimmy Winchester, her husband, Plaintiffs-Appellants,**

v.

**Carter P. FENTON, D. O., et al., Defendants-Respondents.**

**Nos. 10160, 10167.**

Missouri Court of Appeals,
Springfield District.

Sept. 14, 1976.

William S. Rader, Rader & Richey, Cape Girardeau, for plaintiffs-appellants.

James E. Godfrey, Godfrey, Vandover & Burns, Inc., St. Louis, for defendants-respondents Carter P. Fenton, D. O., and T. P. Fenton, D. O.

A. M. Spradling, III, Spradling, Drusch & Dillard, Cape Girardeau, for defendant-respondent Chaffee General Hospital, Inc.

Albert C. Lowes, Buerkle, Buerkle & Lowes, Jackson, for defendants-respondents Host Houses of America, Inc., and Minnie Steward Moore.

Before BILLINGS, C. J., and STONE and TITUS, JJ.

BILLINGS, Chief Judge.

Malpractice action. Plaintiffs, husband and wife, have appealed from the dismissal of their suit for damages by the Circuit Court of Scott County because not brought within the two-year period of limitations governing malpractice actions. We affirm.

Plaintiffs' petition was filed February 19, 1975. This petition, as well as subsequent amended petitions, sought damages against the defendants because of burns received by the wife on February 9, 1973, while she was hospitalized.

The applicable portion of the statute of limitations, § 516.140, RSMo 1969, is as follows:

"All actions against physicians, surgeons . . . nurses, hospitals . . . for damages for malpractice, error, or mistake shall be brought within two years from the *date of the act of neglect* complained of. . . ." (our emphasis).

Assuming, without deciding, that plaintiffs' allegations were sufficient to charge the defendants with negligence, the act of neglect upon which liability was sought to be predicated occurred more than two years before the plaintiffs filed this suit. Their action for damages is thus barred by the statute. *Laughlin v. Forgrave,* 432 S.W.2d 308 (Mo. banc 1968); *Holland v. Duckworth,* 539 S.W.2d 326 (Mo.App., filed July 22, 1976). Negligent treatment by the defendants subsequent to February 9, 1973, was not alleged and, consequently, *Thatcher v. De Tar,* 351 Mo. 603, 173 S.W.2d 760 (1943), relied upon by plaintiffs to avoid the statutory bar, is not applicable.

The judgment is affirmed.

All concur.