Patrick M. FIANDACA III, Administrator, Plaintiff-Appellant,

v.

Harold E. NIEHAUS et al.,
Defendants-Respondents.

No. 38967.

Missouri Court of Appeals,
St. Louis District,
Division One.

July 18, 1978.

Motion for Rehearing and/or Transfer
Denied Sept. 15, 1978.

Application to Transfer Denied
Oct. 10, 1978.

Richard L. Ross, David Drury, Clayton, for plaintiff-appellant.

Charles E. Gray, Gray & Ritter, St. Louis, for defendants-respondents.

SMITH, Judge.

Plaintiff-administrator of the estate of Caroline Neihaus appeals the action of the trial court in dismissing his second amended petition with prejudice.

The petition was grounded upon allegations that defendants, through fraud and overreaching, caused decedent, Caroline Neihaus and her husband, to convey land to defendants at far less than its value. The original sale contract, alleged to have been fraudulently induced, was executed in March 1967, ten days prior to the death of Herman Neihaus, Caroline's husband. In April 1967, a warranty deed for the property was executed by Caroline to defendants, which deed is also claimed to have been fraudulently induced. Caroline died on December 13, 1973. Defendants are children or in-laws of Caroline and Herman. It is alleged that in 1968 and 1969 they sold the land for $120,000, four times the purchase price and that defendants failed to disclose and concealed the facts from Caroline until her death. Suit was filed by plaintiff on June 6, 1975.

Defendants concede in their brief that, unless the cause is barred by limitations, the allegations are sufficient to state a cause of action. They also concede that the court could infer from the petition that Caroline was unaware of the alleged fraud at the time of her death. We agree with these concessions, but note in passing that an allegation that defendants concealed the fraud is not the same as an allegation that Caroline Neihaus had not discovered the fraud.

As presented to us, the question is whether the one year limitation on commencement of suit by an administrator in Sec. 516.180 [1] RSMo 1969 applies only where the decedent is under a disability listed in Sec. 516.170 RSMo 1969 or if it applies in any suit brought by an administrator. Sec. 516.120 RSMo 1969 provides for a five year limitation in actions for fraud. Under subparagraph (5) of that section, the five year period does not commence until discovery of the fraud "at any time within ten years." This has been interpreted to mean that the

---

1. 516.180 On death of person under disability, cause of action survives.—If any person so entitled to sue, die before the expiration of the time herein limited for the commencement of such suit, if such cause of action shall survive to his representatives, his executor or administrator may, after the expiration of such time and within one year after such death, commence such action, but not after that period.

statute of limitations for undiscovered fraud is fifteen years. *Berry v. Dagley*, 484 S.W.2d 182 (Mo.1972) [2]; *Anderson v. Dyer*, 456 S.W.2d 808 (Mo.App.1970) [4].

Plaintiff contends the language in Sec. 516.180 "any person so entitled to sue" refers only to those persons listed in the preceding section on disabilities encompassing minority, insanity and imprisonment. Since the petition does not allege that Caroline suffered from any of these disabilities and since the petition does inferably allege that she was unaware of the fraud upon her death, plaintiff contends the five year statute did not commence to run until her death and the suit was timely.

Defendants contend that the one year limitation applies to any action which the administrator brings and since this suit was not commenced until more than a year had elapsed from the date of Caroline's death, it is barred.

Two cases have squarely ruled this question. In both *Rosenberger v. Mallerson*, 92 Mo.App. 27 (1902) and *Holland v. Duckworth*, 539 S.W.2d 326 (Mo.App.1976), the courts held that the provisions of Sec. 516.-180 or its predecessors applied only to suits where the decedent was subject to one of the disabilities listed in the preceding section. It was noted in *Rosenberger* that an additional section had been inserted between the disability provision and the one year provision but that that did not alter the intent of the "so entitled to sue" provision of the one year provision. That intervening section has since been removed.

Defendants contend, however, that *Rosenberger* and *Holland* were wrongly decided and are contrary to the only Supreme Court decision on the point, *Smith v. Newby*, 13 Mo. 159 (1850). We disagree. Initially, we note that the language and determination in *Smith* relied upon by defendants did not squarely confront the precise issue now before us or before the courts in

*Rosenberger* and *Holland*. In *Smith* the major question to be resolved was when the statute of limitations began to run. That question was resolved contrary to plaintiff's contention. Under that determination, plaintiff's decedent died several weeks before the expiration of the statute and suit was not brought until more than one year after his death. Only if the one year provision could have been tacked onto the end of the statutory period (not onto the death date of the decedent) would the bar of the statute have been avoided. Since the statute clearly did not provide for such eventuality, it was unnecessary for the court to determine whether the bar dropped five years after the cause of action accrued or one year after decedent's death.

Secondly, the statute under which *Smith* was decided was changed in 1866 to the present language.[2] At the time of *Smith*, the one year statutory provision was: "If any person entitled to bring any action in this article specified, die before the expiration of the time herein limited for the commencement of such suit, . . . ." The remainder of the statute is identical to the present statute. The disability section which immediately preceded the one year provision (as it presently does) began in the same way, which it should be noted is comparable to the present disability provision. That disability provision, except for deletion of married women, has not been changed since the *Smith* decision; the one year provision has been. We cannot lightly dismiss the change as defendants suggest. The pre-1866 statute appears to have made the one year period applicable to any case; the post-1866 statute appears to apply only to disability situations. The change may well have been an attempt by the general assembly to avoid the dicta of the *Smith* case. That the one year limitation applies only in disability cases has a logical basis.

---

**2.** We agree with defendants that in deciding the meaning of the statute we may not rely upon the titling of the sections, which is done by the revisor not the general assembly. We do believe, however, that headings and revisor's catchlines may be pertinent in demonstrating how the statute has generally been read and understood. *See Holland v. Duckworth, supra,* [1]. This is particularly true where the headings and catchlines have been essentially the same for over a century.

Those disabilities can have the effect of delaying the bar of the statute of limitations for lengthy periods, possibly a lifetime. It is reasonable that when the disability has ended by death an action should be promptly commenced. It is not as reasonable to shorten the statutory limitation period to as little as one year in circumstances where no delay has occurred by virtue of disability.[3] Nor, are we persuaded that the precision with which Sec. 516.050 RSMo 1969 spells out its applicability warrants a conclusion that the general assembly intended Sec. 516.180 to cover different ground. We think it more reasonable that it was intended that similar treatment be afforded to succeeding interests in both real actions and personal actions and that Sections 516.050 and 516.180 are essentially parallel provisions. We are not persuaded that *Rosenberger* and *Holland* were erroneously decided.

Our determination in that regard answers defendants' additional point that concealment of fraud is also a disability and the one year limitation applies to it. Sec. 516.180 applies to those disabilities, and only those disabilities, enumerated in 516.-170. Concealment of fraud is not so enumerated.

Defendants' last argument is that the allegations concerning Caroline Neihaus' physical and mental condition demonstrate that she was insane and therefore disabled under Sec. 516.170. We cannot conclude that such a condition is established by the petition. That a person is old, infirm, has a weakened mind, impaired mental capacities and is subject to influence and domination by her children does not establish that she is insane. The statute of limitations is an affirmative defense. Rule 55.-08. Only if an affirmative defense is irrefutably established by the plaintiff's petition can a petition be dismissed on that ground. *International Plastics Development Inc. v. Monsanto Co.*, 433 S.W.2d 291 (Mo. banc. 1968). The petition does not establish that Caroline Neihaus was insane as a matter of law even if the allegations are accepted as true. The court erred in dismissing the petition.

Judgment reversed and cause remanded for further proceedings.

CLEMENS, P. J., and McMILLIAN, J., concur.

---

**3.** We, of course, are not deciding what effect Sec. 516.180 has when the delay because of disability is less than the statutory limitation.