NOTE [8/28/95]: House Bills Nos. 484, 199 72 (1995) enacted a new subsection 27 of Section 130.111 which, for purposes of Chapter 130, defines "regular session" as follows: "(27) `Regular session', includes that period beginning on the first Wednesday after the first Monday in January and ending following the first Friday after the second Monday in May". Because of this statutory change, the response to Question 1 of this opinion is no longer valid.
Missouri Ethics Commission Post Office Box 1254 Jefferson City, Missouri 65102
Ladies and Gentlemen:
This opinion letter is in response to your questions asking:
1. Do the provisions of Section 130.032.4, RSMo 1994, prohibit contributions after the first Friday following the second Monday in May (Missouri Constitution, Article III, Section20 (a)) and on or before May 30th?
2. Do the provisions of Section 130.032.4, RSMo 1994, prohibit contributions during veto sessions (Article III, Section 32) and special sessions (Article III, Section 20 (b) and Article IV, Section 9) of the General Assembly?
3. Do the provisions of Section 130.032.4, RSMo 1994, prohibit a candidate or officeholder affected thereby from mailing on April 15 an invitation to a fund-raiser which will be held on June 15 if the money for the fund-raiser will be collected after the regular session of the General Assembly has ended?
Section 130.032.4, RSMo 1994, to which your questions relate, provides:
 4. No contribution shall be accepted by a person serving as a statewide elected official or serving as a member of the general assembly, or by a candidate for any statewide elected office or candidate for state senator or state representative, or by a committee acting on behalf of such an individual, during any regular session of the general assembly, except that candidates for a special election to fill a vacancy in any such office may accept contributions to be used in conjunction with that special election during a regular session of the general assembly. [Emphasis added.]
 QUESTION NO. 1
Your first question refers to Article III, Section 20 (a) of the Missouri Constitution. This section provides in relevant part as follows:
 Section 20 (a). Automatic adjournment — tabling of bills, when. The general assembly shall adjourn at midnight on May thirtieth until the first Wednesday after the first Monday of January of the following year, unless it has adjourned prior thereto. All bills in either house remaining on the calendar after 6:00 p.m. on the first Friday following the second Monday in May are tabled. The period between the first Friday following the second Monday in May and May thirtieth shall be devoted to the enrolling, engrossing, and the signing in open session by officers of the respective houses of bills passed prior to 6:00 p.m. on the first Friday following the second Monday in May.
* * *
Your first question basically asks if Section 130.032.4 prohibits contributions during the time period devoted to the enrolling, engrossing, and signing of bills.
Section 130.032.4 provides in relevant part that no contribution shall be accepted during any regular session of the General Assembly. Article III, Section 20 (a) provides that the General Assembly shall adjourn at midnight on May thirtieth, unless it has adjourned prior thereto. The May thirtieth date is the last day of the time period allowed for the enrolling, engrossing, and signing of bills. It is a well-settled rule of construction that the context and related clauses of a statute are to be considered when construing a particular portion of a statute. State v. Campbell, 564 S.W.2d 867, 869 (Mo. banc 1978). This rule of construction applies to constitutional provisions as well. State ex rel. Jones v. Atterbury, 300 S.W.2d 806, 810 (Mo. banc 1957). Based on the language of Section 20 (a), the time period allowed for the enrolling, engrossing, and signing of bills is before the adjournment of the General Assembly. Therefore, such time period would be included within the phrase "during any regular session of the general assembly."
Furthermore, Article III, Section 20 of the Missouri Constitution provides in part:
 Section 20. Regular sessions of assembly — quorum — compulsory attendance — public sessions — limitation on power to adjourn. The general assembly shall meet on the first Wednesday after the first Monday in January following each general election. . . .
 The general assembly shall reconvene on the first Wednesday after the first Monday of January after adjournment at midnight on May thirtieth of the preceding year. . . . [Emphasis added.]
Section 20 likewise indicates the session adjourns on May thirtieth which is after the time period allowed for the enrolling, engrossing, and signing of bills.
In answer to your first question, it is the opinion of this office that Section 130.032.4 prohibits contributions during the time period allowed for the enrolling, engrossing, and signing of bills which time period is prior to the adjournment of the General Assembly.
QUESTION NO. 2
Your second question asks if Section 130.032.4 prohibits contributions during special sessions and veto sessions. Special sessions are authorized by Article III, Section 20 (b) of the Missouri Constitution which provides:
 Section 20 (b). Special session, procedure to convene — limitations — automatic adjournment. Upon the filing with the secretary of state of a petition stating the purpose for which the session is to be called and signed by three-fourths of the members of the senate and three-fourths of the members of the house of representatives, the president pro tem of the senate and the speaker of the house shall by joint proclamation convene the general assembly in special session. The proclamation shall state specifically each matter contained in the petition on which action is deemed necessary. No appropriation bill shall be considered in a special session convened pursuant to this section if in that year the general assembly has not passed the operating budget in compliance with Section 25 of this article.
 The general assembly shall automatically stand adjourned sine die at 6:00 p.m. on the thirtieth calendar day after the date of its convening in special session under this section unless it has adjourned sine die prior thereto.
The Governor is authorized to call special sessions pursuant to Article IV, Section 9 of the Missouri Constitution which provides:
 Section 9. Governor's messages and recommendations to assembly — call of extra sessions. The governor shall, at the commencement of each session of the general assembly, at the close of his term of office, and at such other times as he may deem necessary, give to the general assembly information as to the state of the government, and shall recommend to its consideration such measures as he shall deem necessary and expedient. On extraordinary occasions he may convene the general assembly by proclamation, wherein he shall state specifically each matter on which action is deemed necessary.
[Emphasis added.]
Veto sessions are authorized by Article III, Section 32 (a) of the Missouri Constitution which provides:
 Section 32. Vetoed bills reconsidered, when. Every bill presented to the governor and returned with his objections shall stand as reconsidered in the house to which it is returned. If the governor returns any bill with his objections on or after the fifth day before the last day upon which a session of the general assembly may consider bills, the general assembly shall automatically reconvene on the first Wednesday following the second Monday in September for a period not to exceed ten calendar days for the sole purpose of considering bills returned by the governor. . . .
Section 130.032.4 provides that no contribution shall be accepted during any regular session of the General Assembly. The issue for consideration is whether a special session and a veto session are deemed regular sessions of the General Assembly.
The heading on Article III, Section 20, quoted previously in relation to question no. 1, states in part "[r]egular sessions of assembly." The heading on Article III, Section 20 (b), quoted above, states in part "[s]pecial session." The heading on Article IV, Section 9, quoted above, states "extra session." While the headings are done by the Revisor of Statutes, headings may be pertinent in demonstrating how a section has been generally read and understood. Fiandaca v. Niehaus, 570 S.W.2d 714, 716
(Mo.App. 1978). The headings indicate that the session of the General Assembly authorized under Article III, Section 20 (first Wednesday after the first Monday in January to May thirtieth) is generally considered the regular session as contrasted with a special session authorized by Article III, Section 20 (b) or Article IV, Section 9.
The Missouri Supreme Court has contrasted a regular session with a special session. In State ex rel. Jones v. Atterbury,300 S.W.2d 806 (Mo. banc 1957), the court considered a special session to be different than a regular session ("when it is in regular or special session"). Id. at 811. The discussion by the court indicates that the language "any regular session" does not include a special session.
A veto session authorized by Article III, Section 32 commences on the first Wednesday following the second Monday in September for a period not to exceed ten calendar days. This time period is not within the time period of the session authorized under Section 20 (first Wednesday after the first Monday in January to May thirtieth). Furthermore, the veto session is limited to "the sole purpose of considering bills returned by the governor" if "the governor returns any bill with his objections on or after the fifth day before the last day upon which a session of the general assembly may consider bills." Because of the time period when a veto session occurs and its limited purpose, we conclude that a veto session is not "any regular session of the general assembly" as the phrase is used in Section130.032.4.
In answer to your second question, it is the opinion of this office that Section 130.032.4 does not prohibit contributions during special sessions and veto sessions of the General Assembly.
QUESTION NO. 3
Your third question asks whether mailing on April 15 an invitation to a fund-raiser which will be held June 15 if the money for the fund-raiser will be collected after the regular session of the General Assembly has ended violates Section130.032.4. Section 130.032.4 states in relevant part that "[n]ocontribution shall be accepted . . . during any regular session of the general assembly" (emphasis added).
Section 130.011 (12), RSMo 1994, defines "contribution." Such section provides in part:
 130.011. Definitions. — As used in this chapter, unless the context clearly indicates otherwise, the following terms mean:
* * *
 (12) "Contribution", a payment, gift, loan, advance, deposit, or donation of money or anything of value for the purpose of supporting or opposing the nomination or election of any candidate for public office or the qualification, passage or defeat of any ballot measure, or for the support of any committee supporting or opposing candidates or ballot measures or for paying debts or obligations of any candidate or committee previously incurred for the above purposes. A contribution of anything of value shall be deemed to have a money value equivalent to the fair market value. . . .
In the fact situation you have presented, the money for the fund-raiser will be collected after the regular session of the General Assembly has ended. (We assume that no promise to contribute or other form of commitment to contribute will occur during the regular session of the General Assembly and, therefore, we do not address such a situation.) The mailing on April 15 of the invitation is not a "contribution." Subsection 12 (d) of Section 130.011 specifically includes the receipts from fund-raising events as contributions. There is nothing in the definition of "contribution" in Section 130.011 (12) to indicate the mailing on April 15 of the invitation is within the prohibition of Section 130.032.4.
Section 130.032.4 prohibits the contribution from beingaccepted during the regular session of the General Assembly. "Accepted" is not defined in Chapter 130, RSMo 1994. Under traditional rules of construction, undefined words are given their plain and ordinary meaning as found in the dictionary in order to ascertain the intent of the lawmakers. Asbury v.Lombardi, 846 S.W.2d 196, 201 (Mo. banc 1993). "Accept" is defined as "to take, receive," . . . "to receive with consent (something given or offered)." Webster's Third New International Dictionary (1961) p. 10. The receipt of the money under the facts presented occurs after the regular session of the General Assembly has ended. The contribution is therefore not "accepted" during the regular session of the General Assembly.
In answer to your third question, it is the opinion of this office that Section 130.032.4 does not prohibit the mailing on April 15 of an invitation to a fund-raiser which will be held on June 15 if the money for the fund-raiser will be collected after the regular session of the General Assembly has ended.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General